Thomas M. Stark, J.
Petitioner seeks to stay arbitration demanded by respondent in the case of two grievances submitted for advisory arbitration pursuant to an agreement between the Deer Park Teachers’ Association and the Board of Education, Union Free School District 7, Town of Babylon, Suffolk County, New York. This agreement entered into between the parties on June 21, 1968, was made pursuant to the provisions of the Public Employees’ Fair Employment Act, article 14 of the Civil Service Law, as enacted by chapter 392 of the Laws of 1967.
The first grievance concerns the refusal of the District Principal to approve a supplementary leave to permit Miss Toni Epstein to appear in the Long Beach City Court on September 11,1968, as a plaintiff in a case in that court. The second grievance involves the refusal of the District Principal to permit Mrs. Bernstein, being the wife of a Rabbi of an Orthodox Jewish Temple, to observe the First Days of Sukkoth (October 7 to 8, 1968) and the Last Days of Sukkoth (October 14 to 16,1968) by deducting the leave.from the petitioner’s accumulated sick leave in accordance with the alleged past policy of the school district. Petitioner seeks to stay advisory arbitration of these grievances on the following grounds: (1) the subject matter of the alleged grievances is not arbitrable under the terms of the agreement between the parties since neither leave to appear as plaintiff nor leave for the observance of religious holidays is set forth within the categories of supplementary leave on pages 16 and 17 of the instant agreement; (2) the omission of the types of leaves sought in the grievances reserves the regulation of such leaves to the Board of Education pursuant to section 1709 of the Education Law; (3) the notice of appeal to arbitrate was improperly served since the same was served on the District Principal who is not a party authorized to accept service upon a school district pursuant to CPLR 311; (4) the grievance of Miss Toni Epstein was untimely submitted, and (5) that the petitioners did not serve notice of a claim on the school district pursuant to section 3813 of the Education Law of the State of New York.
In order to cure substantial sociological defects in the rights of public employees to collectively bargain and negotiate with their employing authority, the Legislature passed article 14 of the Civil Service Law, chapter 392 of the Laws of 1967, entitled, “Public Employees’ Fair Employment Act”. That act provided for negotiation by collective bargaining between an employee group as representative of the employees and the employing authority concerning the 11 terms and conditions of employment, and the administration of grievances arising thereunder (Civil Service Law, § 203.)
*796 Section 201 (subd. 5) of the Civil Service Law defines “ terms and conditions of employment ’ ’ as meaning 11 salaries, wages, hours and other terms and conditions of employment ’ Section 204 of the Civil Service Law specifically empowers public employers ‘ ‘ to recognize employee organizations for the purpose of negotiating collectively in the determination of, and administration of grievances arising under, the terms and conditions of employment of their public employees ’ ’.
The petitioner concedes that section 1709 of the Education Law relative to the authority of the Board of Education to establish time and leave rules has been modified by article 14 of the Civil Service Law. Its argument that the Board of Education has reserved unto itself all granting of supplementary leave not specifically provided for in the agreement is unsupported in view of that provision of the supplementary leave section of the agreement which specifically confers such authority upon the District Principal.
The argument of the petitioner that the notices of appeal to arbitrate must fall because no notice was given pursuant to section 3813 of the Education Law concerning a claim against a school district is equally lacking in support. In the same manner in which the Board of Education concedes that section 1709 of the Education Law was modified by article 14 of the Civil Service Law, so was section 3813 of the Education Law modified by article 14 of the Civil Service Law. The Board of Education has within its authority and is mandated to reach a collective bargaining agreement concerning ‘ ‘ the administration of grievances ’ ’ arising under the terms of employment of their public employees. The section of the instant agreement providing for such administration of grievances is whole and exclusive and is not limited by the operation of section 3813 of the Education Law.
Section 3813 relates to notices to Boards of Education of a claim against such body to grant the board or officer in authority a final opportunity to review the claim and provides that there must be a jurisdictional allegation ‘ ‘ that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment ”. The advisory arbitration provisions of the agreement provide that such proceedings shall be commenced “upon written notice within five (S) days after the receipt of the determination by the District Principal ”. Since no claim in these cases arose until the determination of the District Principal under his discretionary authority, by the very terms of the agreement, the advisory arbitration proceedings in the nature of an appeal from that determination had to be commenced within *797 five days. If as the petitioner contends the notice under section 3813 was mandated, no proceedings could have been commenced until 25 days after the time to do so have expired.
To the extent that article 14 of the Civil Service Law permits collective bargaining with respect to the administration of employee grievances, article 14 modifies section 3813 of the Education Law so as to mandate only such notice of claim arising out of an employee grievance as is required by the agreement between the employer and the employee representative. The Board of Education may include such provisions for notice as it may collectively negotiate with the employee representative.
It is to be further noted that section 3813 of the Education Law was not interposed as a defense by petitioner herein until after its petition to stay the advisory arbitration was sub judice. The Board of Education not only participated, appeared generally and submitted complete factual and legal arguments, the board was the initiator of the petition to stay. And they would now urge upon this court that they had no notice of the grievances!
The contention of the Board of Education that the notice of commencement of advisory arbitration must be served upon the school district as provided for under the CPLB is equally as strained. The agreement merely specifies that there be 11 written notice ”. Such obviously means such written notice as will acquaint the Board of Education with the existence of an appeal from the determination of the District Principal. That the board had such notice is manifest from this proceeding.
As to the law to be applied relative to the effect of this proceeding on any arbitrable issue, the parties are in essential agreement.
Subsequent to the enactment of section 1448-a of the Civil Practice Act now incorporated in the last sentence of CPLB 7501, the courts must and may determine only if the dispute sought to be arbitrated comes within the terms of the arbitration agreement and must in no way consider the merits of the controversy. That is, the court’s function is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the agreement regardless of the merits of the claim. (Steelworkers v. American Mfg. Co., 363 U. S. 564 ; Matter of American Bosch Arma Corp. [Stewart], 20 A D 2d. 576.) It is, of course, axiomatic that in the absence of an agreement to arbitrate no party may be forced to arbitrate. The issue must be referable to the arbitration agreement or else there is no compulsion to arbitrate the issue. (Matter of Camhi [Undergarment & Negligee Workers Union], 13 A D 2d 752.)
*798 The entire purpose, as conceded by the petition of the Board of Education herein, in entering into the instant agreement was to give substance to the Public Employees Fair Employment Act. The exclusive purpose of that Act was to provide for collective bargaining as to the ‘ ‘ terms and conditions of employment” and the “ administration of grievances arising thereunder ”.
Section 1 of article XV of the instant agreement provides that ‘ ‘ the term grievances shall mean any dispute between the parties hereto with respect to the meaning or interpretation of any provision of this agreement”. The last sentence of the supplementary leave provision of the agreement, on page 17 thereof, provides ‘ ‘ the District Principal has additional discretionary authority to grant leaves on request for any situations not specifically covered under our present policy. Such authority may cover both deductible and nondeductible leaves, with or without pay ”. It is, therefore, apparent that both grievances concern the determination of the District Principal not to grant leaves and, therefore, the grievances did not mature until the determination made by the District Principal on October 25, 1968, in both cases.
Article XV excludes certain subjects from the operation of the grievance procedure; while the granting of additional supplemental leave is not specifically excluded from the operation of the grievance procedure, the agreement grants the District Principal the discretionary authority to grant or deny such leave. The use of the words “ present policy ” in article IX is unclear; the Board of Education argues that the words refer to the instant agreement while the respondent teachers contend that the words refer to a viable pre-existing policy incorporated into the agreement by reference. Since under the terms of the agreement a ‘ ‘ grievance shall mean any dispute between the parties hereto with respect to the meaning or interpretation of any provision of this agreement ’ ’, two such questions of interpretation are manifest and, therefore, are referable to arbitration. The court will therefore certify the following two questions to arbitration as provided for under the agreement:
1. Is the grant of discretionary authority to the District Principal under section IX of the agreement absolute?
2. Do the words “ present policy ” as used in section IX refer to the instant agreement or do they refer to a pre-existing policy incorporated by reference ?
If the discretion of the District Principal is not absolute, the exercise thereof may be considered by the arbitrators. If the words “ present policy” refer to a pre-existing policy, such *799 policy may be considered by the arbitrators as it relates to the exercise of discretion by the District Principal relative to granting supplemental leave.
The petition to stay arbitration is, therefore, denied and summary judgment is granted to respondent herein, directing that arbitration proceed on the questions certified.