Walter J. Mahoney, J.
There is now before this court an application by the petitioner herein, pursuant to CPLR 7503 (subd. [c]) to stay arbitration of an alleged dispute between petitioner and respondents herein.
Prom the pleadings presented it would appear that the petitioner, Board of Education, Central School District No. 1 of the Town of Grand Island, Erie County, New York (hereinafter referred to as the “ Board ”), is a public employer, and, that the respondent, Grand Island Teachers’ Association (hereinafter referred to as the “ Association ”), is a public employee organization and the duly recognized employee representative of the teachers of the Grand Island Central School District. By an agreement entitled Agreement Relating To Terms and Conditions of Employment (hereinafter referred to as “ Agreement ”), entered into by and between the Board and the Association, effective for the period July 1, 1969 through June 30, 1970, a detailed four-level grievance procedure was prescribed under article XX thereof. The foürth and last stage of said procedure provides for arbitration of unresolved grievances.
*860 Pertinent to this proceeding, said Agreement, under article IX, entitled ‘ ‘ Teacher Evaluation ’ ’, and article X entitled ‘ ‘ The Probationary Teacher ’ ’, contains various provisions including certain procedural specifications relative to the subject matter of the respective articles.
In connection with the prescribed grievance procedure, article XX (1) of the Agreement defines a grievance as: “ 1. A Grievance is a claim by any member (s) of the Instructional Unit based upon any event(s) or condition(s) affecting their welfare and/or terms and conditions of employment and arising from a claimed violation, misinterpretation, misapplication or inequitable application of the Agreement of employment between the Board and the Association ”.
It would further appear from the pleadings submitted that pursuant to section 3013 of the Education Law, six probationary teachers of Board’s school district and members of the Association were notified in writing by the Board on April 8 and 13, 1970 that their employment would terminate at the end of the 1969-70 school year. Thereafter, on or about May 6, 1970, in accordance with ‘ ‘ Stage 1 ” of the grievance procedure article of the Agreement, the respondent, Eichard S. Meredith, as chairman of the Grievance Committee of the Association, filed a grievance report charging the chief school officer and the Board with violations of provisions contained in articles IX and X of the Agreement, specifying that: ‘ ‘ The Grand Island Board of Education has failed to direct their Administrative Staff to follow and comply with the provisions of Articles IX and X. The dismissal by the Board of Education of those probationary teachers on April 8 and 13, 1970 without benefit of their rights granted under Articles IX and X of the agreement between the Board and the Association.”
It is significant to the proceeding now before this court that the particularization of the relief sought on said grievance report is specified as follows: “ That the Grand Island Board of Education direct its Administrative Staff to comply with all the provisions of Articles IX and X in respect to probationary teachers.”
Upon the rejection by the Board of said grievance report — stage 1, for alleged deficiency in form and/or specification, the Association submitted the grievance in an appeal to stage 2 of the grievance procedure as provided in the Agreement, which appeal was rejected by the Board on the alleged grounds that the matter was not grievable, as was rejected the Association’s appeal pursuant to stage 3 of the grievance procedure. There *861 after followed service by the Association on the Board of notice that it desired to proceed to arbitration, which was refused by the Board on the alleged ground that the matter was not arbitrable under the Agreement, which rejection precipitated the service by the Association of notice of intention to arbitrate. Said notice designates the nature of the dispute as being a violation of article IX (Teacher Evaluation) and article X (Probationary Teacher) in the cases of six named dismissed probationary teachers, and significantly, specifying the relief sought being compliance with article IX, sections 3 and 4 and article X, sections 1 through 7 (inclusive) for all involved parties and whether or not the Board has made a substantial compliance with the provisions on its part to be performed in the Agreement. In response to said notice, petitioner commenced this proceeding now before the court.
Petitioner’s contentions in support of relief herein sought would appear to be: (a) that the notice or complaint of the Association fails to identify the alleged grievance; (b) that the alleged grievance sought to be arbitrated by the Association is excluded by the terms of the Agreement; and (c) that the demanded arbitration would result in the fractionalizing of remedies, contrary to law.
Whether, under the facts here presented, there be merit to any or all of said petitioner’s contentions, it must preliminarily be acknowledged that the subject matter jurisdiction of the court in a proceeding of this nature is statutorily restricted by CPLR 7501 and CPLR 7503 (subd. [b]). As was held in Central School Dist. v. Litz (60 Misc 2d 1009, 1010-1011, affd. 34 A D 2d 1092):
“ CPLB 7503 provides for a stay of arbitration if there was not a valid agreement, the agreement has not been complied with or the claim is barred by statutory limitations.
‘ ‘ Once a valid agreement has been entered into providing for arbitration, any controversy arising between the parties to the contract which is within the compass of those provisions must go to arbitration. (Matter of Exercycle Corp. [Maratta], 9 N Y 2d 329.) The only exceptions to which a court will enjoin arbitration are: 1. where there is fraud or duress, 2. where there is no bona fide dispute between the parties, 3. where the performance which is the subject for the demand for arbitration is prohibited, or 4. where a condition precedent to arbitration under the contract has not been fulfilled. If the issue involved is solely one of construction or interpretation, it is for the arbitrators to decide the meaning of the contract. (Matter of Exercycle Corp. [Maratta], supra.) ”
*862 Cognizant of such limitations upon the court in this proceeding, it would appear under the facts here presented that relief herein sought by petitioner must be denied.
The validity of the Agreement between the Board and the Association has not been nor could it be seriously contested. Statutory and case law of this State clearly establish the authority of a public employer such as the Board to enter into a contract providing for binding arbitration. (Civil Service Law, § 209, subd. 2; Education Law, § 1709, subd. 33; Matter of Baker [Board of Educ.], 309 N. Y. 551; Matter of Dormitory Auth. [Span Elec.], 18 N Y 2d 114; City of Auburn v. Nash, 34 A D 2d 345.)
Neither fraud nor duress is either alleged or inferentially present under the facts here presented.
The existence of a bona fide dispute between the parties concerning compliance by the Board with various provisions contained in articles IX and X of the Agreement is patently clear.
Nor, in proper perspective, can it be said that the performance, which is the subject of the demand for arbitration, i.e., compliance with provisions contained in afore-mentioned articles of the Agreement, is prohibited. Petitioner’s contention that section 3013 of the Education Law, vesting absolute discretion in the Board with respect to the termination of employment of probationary teachers, combined with the provision contained in article III, paragraph 2 of the Agreement, constitutes an effective exclusion from the arbitration provision of the Agreement, is not in the present posture of the proceedings now before this court. Such contention would appear to be premised upon an erroneous interpretation of the “Nature of the Dispute” specified in the Association’s notice of intention to arbitrate as supplemented by the Association’s specification of “Remedy Sought ”. It is not the termination of employment of the probationary teachers in question for which arbitration is here sought, but rather the alleged violation by the Board and its agents of various contractual provisions contained in the various specified sections of articles IX and X of the Agreement. Whether the particular circumstances here presented, where termination of employment of said probationary teachers is now a fait accompli, render the Association’s demand for arbitration an exercise in futility, as relating to said dismissed probationary teachers, is not for this court to say, nor does such conclusion necessarily follow. Without expressing any opinions upon the merits of the dispute (CPLR 7501), the Association as a party to the notice and demand for arbitration may well have a *863 viable interest in the Board’s compliance with its contractual obligations concerning the subject matter in dispute.
Lastly, the contended inadequacy and deficiency in identifying and specifying the alleged grievance in the notices served by the Association is not sustained by the facts presented and cannot warrant this court’s intervention on the basis that a condition precedent to arbitration under the Agreement has not been fulfilled.
By reason of the foregoing, the petitioner’s application to stay arbitration must be denied, and petitioner is directed to proceed to arbitration of the dispute concerning compliance or noncompliance by the petitioner with those specified provisions contained in articles IX and X of the Agreement, in the manner so provided under article XX thereof.