■ In the Matter of the Arbitration between LIBERTY MUTUAL INSURANCE COMPANY, Respondent, and JOHN PERRY et al., Respondents, and STATE FARM MUTUAL INSURANCE COMPANY, Appellant.—Judgment entered in the Supreme Court, New York County, on June 21, 1974 granting petitioner's application for a permanent stay of arbitration unanimously affirmed, with $40 costs and disbursements to petitioner-respondent. Reversible error was not committed in the exclusion of the Florida police report since the report was not supported by the testimony of either the police officer who prepared it or by Kenneth Johnson, who allegedly made the statements contained in the report. (See *Yeargans v Yeargans,* 24 AD2d 280 and cases therein cited.) The trial court's finding that respondent State Farm Mutual Insurance Company failed to prove that the vehicle of its assured was a stolen vehicle at the time of the accident is supported by the evidence and not contrary thereto as urged by appellant. Concur—Stevens, P. J., Kupferman, Lupiano, Lane and Nunez, JJ.

■ CHARLES OKUN, Respondent, v S. PARKER HARDWARE CO., INC., et al., Appellants.—Order, Supreme Court, New York County, entered July 10, 1975, unanimously modified, on the law and on the facts, without costs and without disbursements, to reinstate defendant's Interrogatories Nos. 21 through 26 and to require they be answered, and otherwise affirmed. Plaintiff is seeking damages based on an alleged contract of employment, which he alleges was wrongfully terminated, and seeks to recover unpaid salary. The interrogatories in question seek information pertaining to the plaintiff's salary as his father's employee for the one year prior to and the one year after the alleged contract term. The burden to show the amount which might have been earned by the plaintiff by way of mitigation of damages is on the defendants. *(Milage v Woodward,* 186 NY 252, 259.) The plaintiff contends that his earnings working for his father during the period in which he could have reduced the damages were insubstantial. Given the liberal discovery policy, *Allen v Crowell-Collier Pub. Co.* (21 NY2d 403), it was in order to require the plaintiff to answer the interrogatories posed. As to Interrogatory No. 20, which seeks detail as to plaintiff's personal budget for the period of damage, we affirm the denial. Concur—Stevens, P. J., Kupferman, Lupiano, Lane and Nunez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, v THOMAS PYATT.—Motion to dismiss appeal granted upon the ground that appellant is not presently available to obey the mandate of this Court in the event of an affirmance. (See *People v Casiel,* 33 NY2d 791; *People v Howe,* 32 NY2d 766; *People v Del Rio,* 14 NY2d 165.) Concur—Markewich, J. P., Kupferman, Murphy and Nunez, JJ.

■ SHAUL PULKA v LILLIAN EDELMAN et al.—Motion, insofar as it seeks reargument, denied. Motion, insofar as it seeks leave to appeal to the Court of Appeals, granted and the following question certified: "Was the order of the Appellate Term, as affirmed by this Court, properly made?" [Murphy, J., would grant reargument.] The order of this court entered on December 16, 1975 is vacated. Concur—Kupferman, J. P., Murphy, Lupiano, Tilzer and Capozzoli, JJ.