█ In the Matter of WAPPINGERS CENTRAL SCHOOL DISTRICT, Appellant, v WAPPINGERS CONGRESS OF TEACHERS, Respondent.—In a proceeding to stay arbitration, petitioner appeals from an order of the Supreme Court, Dutchess County, dated February 18, 1975, which (1) denied the application and (2) directed the arbitration to proceed in accordance with a collective bargaining agreement. Order affirmed, without costs or disbursements. It is well settled in this State that "the role of the courts on an application to stay arbitration, especially one arising out of a collective bargaining agreement, is severely limited (CPLR 7503, subd [b]) and raises only the questions of whether the parties entered into a valid contract for arbitration of their differences and whether the subject matter in dispute falls generally within the compass of the arbitration provisions" *(New York Inst. of Technology v Council of Metropolitan & Old Westbury Chapters, Amer. Assn. of Univ. Professors,* 47 AD2d 659). Petitioner has raised the threshold issue of

whether a valid contract for arbitration existed at the time respondent served its demand therefor. We believe that the question must be answered in the affirmative. Concededly, the 1974–1975 contract under which respondent sought arbitration was not ratified by the board of education until October 28, 1974. However, a memorandum of agreement signed by a representative of the board was executed by the parties on September 4, 1974, approximately one month before the demand for arbitration was served. Pursuant to this memorandum, the entire grievance procedure, including the provision for arbitration outlined in the 1973–1974 contract, was carried forward to the 1974–1975 contract. An agreement to arbitrate thus existed at the time of the service of the demand. Nevertheless, petitioner resists arbitration on the further ground that a condition precedent to arbitration under the terms of the contract has not been fulfilled. We note, however, that neither the arbitration clause nor any provision of the contract expressly mandates compliance with the preliminary three-step grievance procedure as a condition precedent to arbitration. Accordingly, any questions of compliance with step-by-step grievance procedures are questions of procedural arbitrability which are to be resolved by the arbitrators (see *Matter of Long Is. Lbr. Co. [Martin]*, 15 NY2d 380, 384–385; *Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.]*, 45 AD2d 85). Nor may we pass upon the assertion that a bona fide dispute between the parties is absent. CPLR 7501 clearly provides that "In determining any matter arising under this article, the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute" (see *Matter of Wilaka Constr. Co. [N.Y. City Housing Auth.]*, 17 NY2d 195, 204). Moreover, we are unpersuaded by petitioner's argument that arbitration of the alleged grievance is prohibited by statute. It is clear that local boards of education have broad and exclusive power to appoint personnel and to grant tenure (see *Matter of Legislative Conference of City Univ. of N. Y. v Board of Higher Educ. of City of N. Y.*, 38 AD2d 478, affd 31 NY2d 926; *Matter of Central School Dist. No. 2 [Livingston Manor Teachers Assn.]*, 44 AD2d 876). Accordingly, an arbitrator would be without power to direct petitioner to appoint a specific individual. Nevertheless, an arbitrable issue has been raised as to whether petitioner has violated that part of the collective bargaining agreement concerning the appointment of an individual who possesses the necessary qualifications. Separate and apart from the individual rights of Mr. Horowitz are the rights of the respondent to demand full compliance by petitioner with all of the provisions of the contract (see *Board of Educ. of Chautauqua Cent. School Dist. v Chautauqua Cent. School Teachers Assn.*, 41 AD2d 47; *Board of Educ. Cent. School Dist. No. 1, Town of Grand Is. v Grand Is. Teachers' Assn.*, 67 Misc 2d 859, affd 38 AD2d 669). Finally, we hold that respondent's failure to comply with CPLR 7503 (subd [c]), both as to the manner of service and the content of the demand for arbitration, does not require the grant of a stay of arbitration. The parties herein have mutually agreed to be bound by the rules of the American Arbitration Association. Respondent has in all ways complied with these rules. Accordingly, petitioner cannot be heard to complain (see *Matter of Bauer [MVAIC]*, 31 AD2d 239; *Matter of Board of Educ., Union Free School Dist. No. 7 of Town of Babylon v Deer Park Teachers' Assn.*, 66 Misc 2d 794; *Matter of Samincorp South Amer. Mins. & Mdse. Corp. [Tikvah Min. Co.]*, 43 Misc 2d 27; McLaughlin, New York Trial Practice, NYLJ, July 13, 1973, p 5, col 3). Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.