■ In the Matter of THREE VILLAGE TEACHERS ASSOCIATION, INC., Appellant, v THREE VILLAGE CENTRAL SCHOOL DISTRICT No. 1, Respondent.— In a proceeding to confirm an arbitration award, in which respondent cross-moved to vacate the award, the petitioner appeals from an order of the Supreme Court, Suffolk County, dated September 13, 1976, which, *inter alia*, denied the petitioner's application to confirm the award and granted the cross motion to vacate the award. Order reversed, on the law, with $50 costs and disbursements, award confirmed, and cross motion denied. No findings of fact were presented for review. After being denied tenure at the end of the 1974–1975 school year, the teacher involved herein grieved the school district's failure to comply, during the 1970–1971 school year, with the evaluation procedures provided for in the collective bargaining agreement. The agreement provides that: "A 'grievance' is a claim based upon an event or condition which adversely affects the welfare or working conditions of a teacher or group of teachers allegedly caused by misinterpretation or inequitable application of the terms of this agreement, provided, however, that such terms shall not include the question of whether a teacher was improperly denied tenure, except as set forth in paragraph B-2 of this Article, the formulation of salary schedules, the scale of retirement benefits, or any other matter as to which a method or review is prescribed by law or by any rule or regulation of the State Commissioner of Education having the force and effect of law, or as to any matter as to which the Board of Education is without authority to act." The arbitrator determined that the teacher had not received three written, formal observations during one of the years embraced within her probationary term, and that the teacher should be reinstated for an additional probationary year, although she had been denied tenure. The arbitrator also determined that the grievance had

been timely filed, as it had been filed within 20 days from the time the teacher had been notified that she had been denied tenure. The grievance alleged a violation of the bargaining agreement which provided that "All non-tenure teachers shall have at least three written, formal observations per year, and shall receive within a reasonable time (no more than 15 calendar days) a copy of each written observation." The grievance properly was a subject of arbitration under the agreement. "An arbitrator may review and remedy contract claims of probationary teachers without pre-empting the tenure issue (see, e.g., *Bellmore-Merrick Cent. High School Dist. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167; *Board of Educ. v Chautauqua Cent. School Teachers Assn.,* 41 AD2d 47)" *(Matter of Acting Superintendent of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 53 AD2d 239, 246). The action of the arbitrator did not trespass upon the power of the respondent to decide whether tenure ought to be conferred upon a particular teacher. "The temporary reinstatement awarded here does not eviscerate the public policy mandate that a board of education evaluate the requisite competence and merit of a teacher before the conferral of tenure (see *Legislative Conference, supra,* p 481 *[Legislative Conference of City Univ. of N. Y. v Board of Higher Educ.,* 38 AD2d 478, affd 31 NY2d 926]; NY Const, art V, § 6)" *(Board of Educ. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167, 173, *supra;* see, also, *Matter of Board of Educ. v Yonkers Federation of Teachers,* 40 NY2d 268, 274). Under well-settled principles, the decision of the arbitrator concerning the timeliness of the filing of the grievance cannot be reviewed by the court (see *Matter of Raisler Corp. [New York City Housing Auth.],* 32 NY2d 274, 279; *Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.],* 45 AD2d 85, 87; *Belmont Cent. School Dist. v Belmont Teachers Assn.,* 51 AD2d 653, 654; *Matter of Wappingers Cent. School Dist. v Wappingers Congress of Teachers,* 51 AD2d 766, 767). Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.