■ In the Matter of ROSS WILLINK, as Superintendent of Webster Central School District, Respondent, v D. WAYNE FISH et al., Appellants.— Order unanimously affirmed, without costs. Memorandum: This is an appeal from an order of Special Term which granted the motion of petitioner-respondent Ross Willink, Superintendent of Webster Central School District, staying the arbitration sought by respondents D. Wayne Fish and Richard A. Stein, president of the Webster Teachers Association under the 1975–1977 contract between the teachers association and the school district and ordered the parties to arbitrate the dispute under the previous (1972–1975) contract. Respondent, Webster Teachers Association, is the duly recognized bargaining agent under article 14 of the Civil Service Law which represents teachers and other personnel employed by the petitioner Webster School District. D. Wayne Fish, was a probationary teacher employed by the school district between 1972–1975 and was a member of the teachers association. The teachers association and the school district, pursuant to article 14 of the Civil Service Law, entered into a collective bargaining agreement effective from July 1, 1972 to June 30, 1975. The collective bargaining agreement contained a termination procedure and provided for binding arbitration of all grievances before an arbitrator under the Public Employment Relations Board. At the end of the 1974–1975 school year D. Wayne Fish's employment was terminated as a result of his not being recommended for tenure by the school district at the end of his probationary period. Respondent Fish filed a grievance claiming that the school district had failed to comply with the termination procedures delineated in the 1972–1975 collective agreement. The grievance was heard by a PERB arbitrator who found: "The grievance is upheld to the following extent: 1. The termination of D. Wayne Fish was not in accordance with the procedural requirements contained in Sections II and III of Section 2061 of the Collective Agreement between the parties. 2. The grievant shall be reinstated to his position as an Art Teacher in the District with all contractual rights appertaining thereto within ten calendar days following the receipt of this award and remain therein for the period of time necessary for the District to comply with the requirements contained in Sections II and III of Section 2061 of the Collective Agreement, unless the District thereafter determines to further retain the grievant in its employ. 3. No back pay, or other remedy, other than stated above is awarded." In compliance with that determination respondent Fish was given a teaching position on October 31, 1975 in which he remained until January, 1976 when he was notified by the school district that he was being terminated. Meanwhile, on October 9, 1975, the teachers association and the school district entered into a new contract retroactive to July 1, 1975 and running through June 30, 1977. The new contract altered the termination procedures, introduced the concept of "good and sufficient reason" for the termination of teachers and provided for grievance arbitration by the American Arbitration Association rather than by the Public Employment Relations Board. Subsequent to his termination and on January 21, 1976 respondent Fish filed a grievance under the new 1975–1977 contract claiming that its provisions were not complied with in his case and that he was being terminated without "good and sufficient

reason". He further claimed that the October 17, 1975 arbitration award had not been complied with. On March 9, 1976 respondent Fish demanded arbitration of his grievance pursuant to the provision of the 1975–1977 contract under the American Arbitration Association procedure. Thereafter, the school district commenced the instant proceeding to stay arbitration .contending that Mr. Fish was not employed pursuant to the 1975–1977 contract, was not covered by its terms and that the arbitration should be heard pursuant to the 1972–1975 agreement by the Public Employment Relations Board, rather than by the American Arbitration Association. Special Term granted the school district's application to stay arbitration on the ground that Mr. Fish was employed pursuant to the award of the arbitrator dated October 17, 1975 and not under the 1975–1977 contract and, further, that the January 21, 1976 grievance was "an extension of the grievance arbitrated September 4, 1975 and that it shall be arbitrated under the rules of PERB as provided in 1972–1975 contract between the parties". The question presented in this case is not whether the grievance is arbitrable but, rather, which contract controls the grievance. Respondent Fish contends that he is covered by the new 1975–1977 contract and, therefore, its provisions control. We disagree. The arbitrator specifically ruled that the reinstatement of respondent Fish be "for a period of time during which the District would have the opportunity to comply with the procedural requirements of the contract" and Fish was "entitled only to a reinstatement to his position as an Art Teacher for the period of time necessary to fulfill the procedural requirements of the contract". No "other remedy" was awarded. Respondents concede that the new 1975 contract was not in existence at the time when the hearing was held in connection with Fish's grievance. It is also without dispute that the "contract" referred to in the arbitration award, is the old 1972 agreement. Fish's reinstatement in October, 1975 was pursuant to and controlled by the old 1972–1975 agreement. This previous determination as to Fish's employment status is *res judicata (City of Rochester v AFSCME, Local 1635,* 54 AD2d 257). Finally, although respondent Fish was afforded certain benefits under the new 1975 contract, he was not a party to it and received his employment status solely from the arbitration award under the 1972 contract. Since respondent Fish is not a party to the new 1975–1977 contract he may not demand arbitration under its terms (CPLR 7503, subd [b]). (Appeal from order of Monroe Supreme Court—arbitration.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.