■ In the Matter of NORTHEAST CENTRAL SCHOOL DISTRICT, Respondent-Appellant, v WEBUTUCK TEACHERS ASSOCIATION, Appellant-Respondent.—Appeal by the Webutuck Teachers Association from a judgment of the Supreme Court, Dutchess County, entered July 3, 1978, which vacated the award of an arbitrator and remanded the matter for further arbitration; the petitioner, Northeast Central School District, cross-appeals from so much of the judgment as remanded the matter for further arbitration. Judgment reversed, with $50 costs and disbursements to the Webutuck Teachers Association, and proceeding by petitioner to vacate the award dismissed. Cross appeal by the petitioner dismissed as academic, without costs or disbursements. The petitioner and the Webutuck Teachers Association executed a collective bargaining agreement which, in part, provided: "Teachers who are denied tenure after having completed the probationary period shall be afforded a full hearing before the Board. At such hearing the applicant shall be afforded the opportunity to show cause as to why he/she should be granted tenure." June Kraus was employed by the petitioner as a probationary teacher on September 1, 1972. Mrs. Kraus was recommended for tenure by the district principal, after having received satisfactory evaluations of her teaching performance. She was denied tenure on April

21, 1975 by a tie vote of the board of education. She requested a hearing pursuant to the terms of the agreement, and the hearing was held on June 23, 1975; prior to the hearing she wrote the board stating that she would attend and that she expected to be furnished with reasons for the denial of tenure. At the hearing a representative of Mrs. Kraus presented arguments on her behalf and asked for a statement by the board of its reasons for not granting tenure; the board declined to give any reasons. Upon reconsideration, the board adhered to its refusal to grant tenure. Thereafter the teachers association filed a grievance on behalf of Mrs. Kraus, invoking a clause in the collective bargaining agreement permitting arbitration of a claim "based upon any event or condition affecting their welfare and/or terms and conditions of employment, including, but not limited to, any claimed violation, misinterpretation, misapplication or inequitable application of law, rules or regulations having the force of law, this agreement, policies, rules, by-laws, regulations, directions, orders, work rules, procedures, practices or customs of the Board of Education and administration." The petitioner moved to stay the arbitration on the ground that Mrs. Kraus' claim was not grievable; that application was denied and the arbitration proceeded. The arbitrator determined that Mrs. Kraus had not been granted a "due process" hearing required by the collective bargaining agreement, in that she had not been given the reasons of the board in refusing her tenure; the arbitrator directed that the board reinstate her for an additional nontenured year to permit a proper "due process" determination of her qualifications for tenure, and that she should be made whole for lost wages and other benefits, less outside earnings, if any, for the intervening school years. The petitioner then moved to vacate the award (see CPLR 7511) on the ground that the arbitrator had exceeded his powers and had made an irrational decision. Special Term vacated the award and remanded the matter for a rehearing before another arbitrator, holding that the arbitrator had exceeded his authority by construing the contract to call for a "due process" hearing, thus placing a burden on the board not contemplated by the contract. We reverse and deny the application to vacate. Though tenure is an area reserved to the judgment of a school board by statute (*Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774, 777-778), a school board may through collective bargaining limit its discretion with respect to the procedure whereby its judgment shall be made (*Board of Educ. v Bellmore-Merrick United Secondary Teachers*, 39 NY2d 167, 172; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 514; *Matter of Board of Educ. [Jones]*, 67 AD2d 537; *Matter of Three Vil. Teachers Assn. v Three Vil. Cent. School Dist. No. 1*, 56 AD2d 604; cf. *Matter of Board of Educ. v United Federation of Teachers, Local No. 2, AFT, AFL-CIO*, 46 NY2d 1018). As was said in *Matter of Candor Cent. School Dist. (Candor Teachers Assn.)* (42 NY2d 266, 272): "It follows, then, in this case that the school district's commitment to the procedural aspect of the dismissal clause is not to be set aside as against public policy. Accordingly, there is no basis to interfere with the determination of the arbitration panel that the school district had violated this component of its agreement with the teachers association and that Mrs. Miller was entitled to a remedy for such violation." Here the agreement does not remove the right of the board to grant or refuse tenure, but simply affords the right of a hearing to a teacher who has been denied tenure. The grievance filed on behalf of the teacher raises a claim relating to the interpretation and application of the contractual provision authorizing a "full hearing". Under the broad arbitration clause of the agreement,

the interpretation and application of its terms were arbitrable *(Board of Educ. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167, 171-172, *supra).* Though at the time the statute did not prescribe that a school board must inform a teacher denied tenure as to the reason for its action, the Legislature thereafter amended the statute to make that relief available to the teacher (Education Law, § 3031). It was not irrational or an abuse of the arbitrator's powers, accordingly, for him to determine that "a full hearing" should encompass a statement by the board of its reasons in refusing tenure, in the face of favorable recommendations by the professional administrative staff, so that the teacher would be in a posture to answer the grounds for the refusal. Nor do we find that the redress fashioned by the arbitrator exceeded his powers. He did not usurp the authority of the board to make the final decision concerning tenure, but protected the rights of both board and teacher by reinstating the teacher for another year subject to further review and appraisal as to tenure (see *Board of Educ. v Bellmore-Merrick United Secondary Teachers, supra,* pp 172-173; *Matter of Lezette v Board of Educ.,* 35 NY2d 272, 278; *Matter of Fayetteville-Manlius Cent. School Dist. [Fayetteville-Manlius Teachers Assn.],* 41 NY2d 818; cf. *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578). We think that the arbitrator's remedy fairly addressed both sides' positions and struck a reasonable balance between them. It follows that the arbitrator's award should stand. Hopkins, J. P., Lazer and Martuscello, JJ., concur.

Cohalan, J., dissents and votes to modify the judgment with the following memorandum: The provision in the collective bargaining agreement between the parties which is now before us states ("Article II—Association and Teachers Rights and Privileges"): "8. Teachers who are denied tenure after having completed the probationary period shall be afforded a full hearing before the Board. At such hearing the applicant shall be afforded the opportunity to show cause as to why he/she should be granted tenure. 9. The Board and Association will abide by the procedures as described in Chapter 866 of the laws of the State of New York commonly known as the Fair Dismissal Law 1972." That law (Education Law, § 3031), as pertinent, states: "Procedure when tenure not to be granted at conclusion of probationary period or when services to be discontinued. Notwithstanding any other provision of this chapter * * * (a) boards of education * * * shall review all recommendations not to appoint a person on tenure, and, teachers employed on probation by any school district * * * as to whom a recommendation is to be made that appointment on tenure *not* be granted * * * shall, at least thirty days prior to the board meeting at which such recommendation is to be considered, be notified of such intended recommendation and the date of the board meeting at which it is to be considered. Such teacher may, not later than twenty-one days prior to such meeting, request in writing that he be furnished with a written statement giving the reasons for such recommendation and within seven days thereafter such written statement shall be furnished. * * * (c) This section shall not be construed as modifying existing law with respect to the rights of probationary teachers or the powers and duties of boards of education * * * with respect to the discontinuance of services of teachers" (emphasis supplied). The underlined word *"not"* is decisive in this case. Here the recommendation was that the, teacher be granted tenure; hence, under the statute, she had no legal rights to demand of the board of education a reason for her denial of tenure. The arbitrator both considered and conceded this in his award. He said: "It is true that at the time of her denial of tenure, Section 3031 of the Education Law did not

require a Board to give reasons when the superintendent had recommended tenure, but that omission has been corrected by subsequent legislation." He might as well have added that the board should have been sufficiently clairvoyant to forecast the passage of the "subsequent legislation" two years before it was enacted. How can the arbitrator say with good grace that he made a mistake of law which would validate his award? He made no mistake; he knew perfectly well what he was doing and that what he was doing was wrong. And so, by doing what he did, the arbitrator committed a completely irrational act (see CPLR 7511, subd [b], par 1, cl [iii]) and also evinced a definite partiality in favor of petitioner (see CPLR 7511, subd [b], par 1, cl [ii]). At the same time he admitted that he was reaching a decision on a ground not in existence at the time of the act complained of. By taking an oath before commencing the hearing (see CPLR 7506, subd [a]), the arbitrator swore that he would decide the controversy faithfully and fairly. In view of his subsequent violation of a law of whose existence he was well aware (Education Law, § 3031), the irrationality and partiality become patent and irrefutable. Therefore, when we go back to the bargaining agreement and read that teachers "who are denied tenure * * * shall be afforded a' full hearing before the Board", we must read it with the added feature that the "full hearing" must be in consonance with the applicable and existing law; and applicable and existing law did not at that time make provision for the board of education to give reasons for denying tenure when the superintendent had recommended tenure. It must be borne in mind, too, that the board resisted arbitration and sought to stay it, only to be ordered by the court to submit. As to the nature of the "full hearing", everyone who had any connection with this matter was present. A teacher's representative spoke on behalf of the probationer; she herself elected not to comment. According to the record, a full opportunity was vouchsafed for her (see *Matter of Venes v Community School Bd. of Dist. 26,* 43 NY2d 520) to present her arguments to the board. The arbitrator's remedy was apparently fashioned almost word-for-word on the award in *Matter of Fayetteville-Manlius Cent. School Dist. (Fayetteville-Manlius Teachers Assn.)* (51 AD2d 91). There Mr. Justice Goldman dissented and the Court of Appeals reversed on his dissent (41 NY2d 818). But what the arbitrator failed to note, at bar, was that in *Fayetteville* the teacher had not been given the prerequisite timely notification of denial of tenure. No such issue is present before us. On the merits of the case and fully in conformity with sections 8 and 9 of article 2 of the agreement, the teacher was "afforded a full hearing before the Board." She was "afforded the opportunity to show cause as to why [she] should be granted tenure." Nothing in the agreement says anything about the board giving reasons why she should not be granted tenure; nor is there anything in the quoted sections of the agreement (§§ 8, 9) to indicate that the board had to do anything but listen to the arguments advanced on behalf of the teacher. For the foregoing reasons, I respectfully dissent. I would modify Special Term's judgment by affirming that portion of it that vacates and sets aside the award of the arbitrator. But as to Special Term's directive that a rehearing "should be had before an arbitrator to be chosen by the parties in compliance with the terms of the contract between them", I would reverse.