■ In the Matter of BOARD OF EDUCATION OF THE BROOKHAVEN-COMSEWOGUE UNION FREE SCHOOL DISTRICT, Respondent, v PORT JEFFERSON STATION TEACHERS ASSOCIATION, Appellant.—In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Suffolk County, entered April 27, 1979, which granted the application. Judgment affirmed, with $50 costs and disbursements. Simultaneously herewith we are affirming an award in an arbitration proceeding involving the same nurse-teacher grievants, wherein the arbitrator denied reinstatement to their positions, which they had requested, while finding that they were entitled to a monetary award under a contract term from July 1, 1975 to June 30, 1976

*(Matter of Port Jefferson Sta. Teachers Assn. [Board of Educ.], 77 AD2d 922).* The positions held by the grievants had been abolished for budgetary reasons by board action on July 27, 1975. Under the instant arbitration demand the grievants seek reinstatement to the same positions and back pay under a successor agreement effective July 1, 1976 to June 30, 1979. Hence, we are presented with the question as to whether these same grievants are parties entitled to arbitration in view of the abolition of their positions prior to the commencement of the contract term on July 1, 1976 and the denial of their reinstatement by the arbitrator. This is a threshold question which must be determined by the court (see CPLR 7503, subd [a]). The employment status of the grievants having been determined by the prior arbitration to have ended on July 27, 1975, the question is therefore not whether the grievance is arbitrable, but whether the grievants are properly parties to a bargaining contract which became effective after they were no longer employees. The contract under which reinstatement is sought was not in existence at the time the employment of these grievants was terminated, and, accordingly, they are not parties to the contract under which they seek arbitration (see *Matter of Willink v Fish,* 57 AD2d 1038, mot for lv to app den 42 NY2d 807). Our affirmance of the prior award necessarily affirms the arbitrator's denial of reinstatement which determines, in effect, that grievants are not parties to the contract that became effective July 1, 1976. Hopkins, J. P., Damiani, Martuscello and Weinstein, JJ., concur.