■ In the Matter of the Arbitration between HORSEHEADS CENTRAL SCHOOL DISTRICT, Respondent, and HORSEHEADS TEACHERS' ASSOCIATION, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered August 20, 1980 in Chemung County, staying arbitration sought by the Horseheads Teachers' Association. The respondent association is a public employee organization and is the duly recognized bargaining representative for all nonsupervisory professional personnel employed by the petitioner school district. Pursuant to article 14 of the Civil Service Law, petitioner and respondent entered into a collective bargaining agreement on July 1, 1979. On February 8, 1980 the association and one Alan Robinson submitted a grievance alleging the violation by the school district of various provisions of the agreement. The school district refused to process the grievance at each of the preliminary stages of the grievance procedure. The association served a demand for arbitration and the school district commenced proceedings to stay arbitration. The school district alleges that there is no arbitrable question for resolution in the instant proceeding in that Mr. Robinson is not a member of the bargaining unit represented by the Association since he is undisputably a

long-term substitute teacher and as such excluded by section A of article 1 of the arbitration agreement. The association urges that upon an application to stay arbitration, the court is to look only at the arbitration clause of the parties' agreement. If the grievance falls within the agreement's definition of a "grievance", it is thereby contractually referable to arbitration, and the court must deny the stay and send the matter to the arbitration forum. The association further contends that it is a proper party to the arbitration under the agreement, and may evoke the grievance and arbitration procedure on behalf of grievant Robinson. When a challenge is raised to the submission to arbitration of a dispute between the employer and employee in the public sector, the threshold considerations of whether arbitration is authorized under the Taylor Law, "whether such authority was in fact exercised and whether the parties did agree by the terms of their particular arbitration clause to refer their differences in this specific area to arbitration" are to be determined by the court *(Matter of Acting Superintendent of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 513)*. We concur with Special Term that arbitration should be stayed since the parties' agreement does not extend to a dispute involving a substitute teacher. We concur, too, that the association cannot file a grievance in its own name where, as here, it is apparent that the contract grievance involved affects an employee, and not a violation of the rights of the association. Order affirmed, with costs. Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.

Mahoney, P. J., dissents and votes to reverse in the following memorandum. Mahoney, P. J. (dissenting). While I agree with the majority's position that there is no arbitrable issue with respect to substitute teacher Robinson, since by the clear and precise language of the agreement he is denied status as a grievant *(Matter of Board of Educ. v Port Jefferson Sta. Teachers Assn., 77 AD2d 921)*, I cannot concur in the view that the association does not have an independent right to demand the school district's full compliance with the agreement with respect to those provisions concerned with the appointment of qualified individuals *(Matter of Wappingers Cent. School Dist. v Wappingers Congress of Teachers, 51 AD2d 766, 767)*. Further, the timeliness of the filing of the grievance with the school district is a matter for the arbitrator's determination. Here, since the association cosigned the grievance with Robinson, it cannot be denied that it has an interest, quite apart from Robinson's claim that he was entitled to be appointed to the position of high school reading teacher, in protecting its right to insist that only qualified teachers be appointed. In fact, the agreement itself states that "The Association may file a grievance in its own name only when Association rights * * * have allegedly been violated". Clearly, the tenor of the grievance is not only that Robinson should have been hired, but that the appointee was not the most qualified applicant. Thus, the interests of the membership of the association, qualified to grieve, could have been adversely affected by the appointment. Next, the agreement requires a grievance to be filed within one month of the occurrence on which it is based. Here, the appointment occurred on October 22, 1979. The grievance was filed February 8, 1980. However, where, as here, the time limits are not explicitly made a condition precedent, compliance with them is a matter of procedural arbitrability (see *Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.], 35 NY2d 599)*. The order should be reversed and the parties directed to proceed to arbitration.