■ In the Matter of NORTHEAST CENTRAL SCHOOL DISTRICT, Appellant, v WEBUTUCK TEACHERS ASSOCIATION, Respondent.— In a proceeding pursuant to CPLR article 75 to vacate an arbitrator's award, which award was ultimately confirmed, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Benson, J.), entered November 29, 1984, which awarded June Kraus the sum of $92,083.

Order and judgment affirmed, with costs.

At the hearing held to determine the amount to be awarded to June Kraus, evidence was presented that she had attempted to find alternate employment, and thereby mitigate damages, by (1) reading and responding to appropriate classified advertisements in regional and local newspapers, (2) reactivating her file at her college placement office, (3) following up a suggestion of her unemployment counselor, and (4) making inquiries with friends and acquaintances. The petitioner attempted to show that many job openings existed, which Kraus could have found had she looked properly. However, much of the evidence presented on this point was hearsay, and other testimony regarding such openings was vague enough to preclude any indication as to whether Kraus would have been a viable candidate for any of the openings. Moreover, it was apparent from the testimony of one of the petitioner's witnesses that the actions Kraus took in her search for a job were appropriate.

That Kraus allowed her provisional certification to lapse does not establish that she purposefully created an inability to

mitigate damages. There was testimony that uncertified teachers could get teaching jobs. Furthermore, her inability to continue the course work necessary to retain her certification was the direct result of circumstances determined in arbitration to have been wrongfully created by the petitioner *(see, Matter of Northeast Cent. School Dist. v Webutuck Teachers Assn.,* 71 AD2d 673 [approving the arbitrator's award], *affd* 52 NY2d 717).* Thus the petitioner may not be heard to now argue that the lapse of Kraus's certification should deprive her of recovery.

The burden was on the petitioner to prove (1) that Kraus's efforts to obtain substitute employment were insufficient, and (2) the amount by which such available substitute employment would have mitigated her damages *(see, Cornell v T.V. Dev. Corp.,* 17 NY2d 69, 74). The petitioner having failed to do either, Kraus is entitled to the full amount presented in her computation of her lost wages, which calculations were not controverted by the petitioner. Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.