■ LaSalle Bank National Association, Formerly Known as LaSalle National Bank, as Trustee for the Certificate Holders of Asset Securitization Corporation Commercial Mortgage Pass-Through Certificates Series 1997-D5, Appellant-Respondent, v Nomura Asset Capital Corporation et al., Respondents-Appellants. [899 NYS2d 15]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered March 11, 2009, which, after remand from this Court, to the extent appealed from as limited by the briefs, held that (1) plaintiff had the burden of establishing mitigation of damages, (2) plaintiff should have given notice to defendants of the breach of representations and warranties with respect to the Lancers Center loan by May 11, 2002, and (3) consequential damages should be determined as of the dates notice should have been given with respect to the Lancers Center and Old Hickory loans, unanimously modified, on the law and the facts, the determination that plaintiff had the burden of establishing mitigation of damages vacated, the limitation on consequential damages vacated and the matter remanded for a calculation of damages as set forth herein, and otherwise affirmed, without costs.

Plaintiff is the trustee for the holders of pass-through certificates for a pool of commercial mortgage loans originated or acquired by defendant Nomura Asset Capital. Nomura pooled the loans and transferred them to defendant Asset Securitization, which in turn issued and sold the certificates as securities, representing beneficial ownership interests in the mortgage loans.

Plaintiff brought this action alleging that defendants had breached certain warranties and representations made in the mortgage and service agreements covering the sale of the securities. After a nonjury trial, the court found that defendants had breached the mortgage agreement by imprudently originating two of the loans—one relating to the Lancers Center, a shopping center where Wal-Mart was the anchor tenant, and the other relating to a Best Western hotel called the Old Hickory Inn. With respect to the Lancers Center loan, the court found that defendants had sufficient information at the time the loan was made that Wal-Mart would likely vacate the shopping center during the term of the loan. As to the Old Hickory Inn, the court found that defendants had breached various representations and warranties not relevant to this appeal.

The trial court, however, declined to award plaintiff damages. The service agreement required that plaintiff give prompt notice to defendants upon becoming aware of any breach of the representations and warranties in the loan documents. The court found as to both loans that while plaintiff gave notice of the breach to defendants in July 2003, it failed to mitigate its damages by not giving notice earlier. Thus, the court concluded, plaintiff was not entitled to any damages.

On a prior appeal, we affirmed the trial court's finding that

the two mortgage loans had been imprudently made but found that the record did not support the complete elimination of damages (47 AD3d 103 [2007]). We remanded the matter for a calculation of damages and identified the following issues for the court to address: (1) the extent of plaintiff's damages arising from the breaches; (2) the point at which plaintiff possessed enough information requiring it to provide defendants with notice of the breaches; (3) whether or to what extent plaintiff unreasonably delayed in providing notice, or in taking other necessary steps to protect the value of the investment property, thereby unreasonably failing to mitigate damages; and (4) the amount by which plaintiff's damages could have been reduced if it had made reasonably diligent efforts to mitigate.

On remand, the trial court found that the prompt notice provisions of the loan agreement were intended to shift the risk of loss from plaintiff to defendants. Because plaintiff failed to give prompt notice, the court reasoned, the burden on mitigation shifted from defendants to plaintiff to show that it reasonably mitigated its damages. This was error. As we noted in our prior decision, defendants had the burden of establishing not only that plaintiff failed to make diligent efforts to mitigate (*Cornell v T.V. Dev. Corp.*, 17 NY2d 69, 74 [1966]; *Golbar Props. v North Am. Mtge. Invs.*, 78 AD2d 504 [1980], *affd* 53 NY2d 856 [1981]), but also the extent to which such efforts would have diminished plaintiff's damages (*see Matter of Northeast Cent. School Dist. v Webutuck Teachers Assn.*, 121 AD2d 544, 545 [1986]; *Okun v Parker Hardware Co.*, 50 AD2d 781 [1975]).

Although the record establishes that plaintiff did not give prompt notice with respect to both loans, it nevertheless remains defendants' burden to prove whether reasonable mitigation measures would have reduced plaintiff's damages and by how much. Thus, the matter must be remanded for a calculation of damages applying the appropriate burden. We agree with the parties that in this case, expert testimony is not required to determine whether plaintiff reasonably mitigated its damages (*see e.g. Toribio v J.D. Posillico, Inc.*, 297 AD2d 216 [2002]).

We affirm that part of the trial court's decision finding that plaintiff should have given notice of the breach with respect to the Lancers Center loan by May 11, 2002.[1] As noted above, the breach centered around defendants' knowledge, at the time the loan was made in 1997, that Wal-Mart would likely vacate the shopping center during the term of the loan. In September 1999, Wal-Mart in fact left the premises but the borrower continued

---

1. Neither party challenges the notice date for the Old Hickory loan.

to make payments until March 11, 2002, at which point the loan was transferred to special servicing. The trial court concluded that as of that date, plaintiff had all the relevant information that formed the basis of the breach and was in a position to allege damages. The court then added two months as a reasonable period for plaintiff to review the documents and determine a course of action,[2] and found that notice should have been given by May 11, 2002.

Although plaintiff does not challenge this determination, defendants, on the cross appeal, argue that notice should have been provided in September 1999 when Wal-Mart vacated the shopping center. Defendants' position, however, ignores this Court's earlier finding that Wal-Mart's abandonment of the property, in itself, did not give plaintiff a basis for providing notice of breach (47 AD3d at 108). The trial court determined that once the loan stopped performing and was put into special servicing, plaintiff had a basis to allege both a breach and damages, and thus could reasonably have been charged with a duty to provide notice. Under these circumstances, the court's rejection of the September 1999 notice date was not improper.

The court erroneously imposed a cutoff date for what it termed plaintiff's consequential damages. Under the service agreement, plaintiff's damages include "expenses reasonably incurred or to be incurred by the Servicer, the Special Servicer or the Trustee in respect of the breach." Thus, plaintiff is entitled to any such reasonable expenses proved even if they accrued after the repurchase date. Plaintiff is required to have mitigated such damages, with the burden of proof on mitigation falling on defendants.

Defendants' request to present additional evidence upon remand is best determined by the trial court. It is well settled that a trial court's discretion to reopen a case after a party has rested should be sparingly exercised (*King v Burkowski*, 155 AD2d 285 [1989]). Defendants do not identify the precise nature of the proof they seek to introduce, nor do they fully explain why they should now be permitted to present new evidence. Furthermore, the record is unclear as to whether defendants sought to present the additional evidence they now want to introduce after the first remand, and whether such request was rejected by the court. The trial court shall determine, in its discretion, whether to allow defendants to offer additional proof.

---

**2.** The court's decision to add the two months is entirely consistent with our decision in the earlier appeal. Before plaintiff may reasonably be expected to have given notice, it must have "a reasonable opportunity to evaluate the information and arrive at the determination that the loan had knowingly been imprudently made" (47 AD3d at 108).

We have considered the parties' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.