Kuruwa v. Meyers

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand thirteen.

PRESENT:
> Robert A. Katzmann,
> Gerard E. Lynch,
> > *Circuit Judges,*
> Roslynn R. Mauskopf,
> > *District Judge.*[*]

—————————————————————————

Dushyant Kuruwa, Monica Arguelles,

> *Plaintiffs-Appellees,*

> v.                                                                          11-4962

Milton L. Meyers,

> *Defendant-Appellant.*

—————————————————————————

FOR APPELLANT:          Milton L. Meyers, *pro se*, New York, N.Y.

FOR APPELLEES:          Dushyant Kuruwa, *pro se*, Astoria, N.Y.
                        Monica Arguelles, *pro se*, Astoria, N.Y.

———————————

[*]The Honorable Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Gorenstein, *M.J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgment is **AFFIRMED**.

Milton L. Meyers, an attorney proceeding *pro se*, appeals from the October 24, 2011 judgment of the United States District Court for the Southern District of New York (Gorenstein, *M.J.*), which determined the amount of damages following Meyers's default. We assume the parties' familiarity with the underlying facts and the procedural history of the case.[1]

We review the entry of a default judgment for abuse of discretion. *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). Here, Meyers challenges the entry of a default judgment only on the ground that he lacked the capacity to litigate at the time the judgment was entered. However, Meyers did not raise this claim in the district court, and we do not generally consider claims raised for the first time on appeal. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). Meyers has not explained why he failed to move to vacate the judgment based on his allegedly diminished capacity. *See Pecarsky*, 249 F.3d at 170 (observing that, "[t]ypically, upon entry of a default judgment, defendants will move before the district court to vacate the default judgment under Federal Rules of Civil Procedure 55(c) and 60(b)" before they file an appeal). In any event, Meyers's claim is not supported by the record, as the medical evidence he submitted to the magistrate judge indicated that any period of incapacity ended

---

[1]As a threshold matter, we note that, because Kuruwa is a citizen of India, Arguelles is a citizen of Mexico, and Meyers is a citizen of New York, the district court had jurisdiction over this case under 28 U.S.C. § 1332(a)(2). While Kuruwa and Arguelles resided in New York during the course of their transaction with Meyers, the Government, allegedly due to Meyers's negligence, refused to extend Kuruwa's and Arguelles's visas and required them to leave the country.

before his time to comply with the magistrate judge's order had expired. Thus, even after Meyers became fully competent, he neither complied with the relevant order, requested an extension of time to comply, nor responded to the subsequent order to show cause why a default judgment should not be entered.

As to Meyers's challenge to the calculation of compensatory damages, we review a district court's findings and calculations in awarding damages only for clear error. *See Brown v. C. Volante Corp.*, 194 F.3d 351, 356 (2d Cir. 1999). Meyers challenges the compensatory damages award only on the ground that Kuruwa failed to mitigate his damages. Under New York law, "a party who claims to have suffered damage by the tort of another is bound to use reasonable and proper efforts to make the damage as small as practicable." *Williams v. Bright*, 230 A.D.2d 548, 550 (1st Dep't 1997) (internal quotation marks and citation omitted). "Where a claimant has a duty to mitigate damages, the opposing party generally bears the burden of showing that the claimant did not take reasonable measures to do so." *Broadnax v. City of New Haven*, 415 F.3d 265, 269 (2d Cir. 2005).

In the district court proceedings, Meyers presented no evidence to support his assertion that Kuruwa had failed to mitigate his damages. Although Meyers claims on appeal that he believed it to be "common knowledge that the Indian economy was expanding while ours was contract[ing]," this belief is not evidence that Kuruwa did not make reasonable efforts to mitigate his damages. *See LaSalle Bank N.A. v. Nomura Asset Capital Corp.*, 72 A.D.3d 409, 411 (1st Dep't 2010) (finding that "defendants had the burden of establishing not only that plaintiff failed to make diligent efforts to mitigate, but also the extent to which such efforts would have diminished plaintiff's damages" (citations omitted)); *cf. Ne. Cent. Sch. Dist. v.*

3

*Webutuck Teachers Ass'n*, 121 A.D.2d 544, 545 (2d Dep't 1986) (in employment action, finding that the defendant bore of the burden of proving both that the plaintiff's "efforts to obtain substitute employment were insufficient" and "the amount by which such available substitute employment would have mitigated [the plaintiff's] damages").

We have not considered Meyers's references to two articles regarding the Indian economy because he did not present this evidence in the district court and our review is limited to the record on appeal. *See* Fed. R. App. P. 10(a)(1) (defining the record on appeal as, in relevant part, "the original papers and exhibits filed in the district court"); *Loria v. Gorman*, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002) ("Ordinarily, material not included in the record on appeal will not be considered.").

Meyers also argues that punitive damages were not warranted. Under New York law, punitive damages "may be awarded where the defendant's conduct amounts to such gross, wanton or willful fraud, dishonesty, or malicious wrongdoing as to involve a high degree of moral culpability, making it appropriate to deter the defendants from engaging in similar conduct in the future and to induce the victim to take action against the wrongdoer." *Whitney v. Citibank, N.A.*, 782 F.2d 1106, 1118 (2d Cir. 1986). This Court reviews the imposition of punitive damages for abuse of discretion. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 302 (2d Cir. 2006). Given the plaintiffs' allegations that Meyers falsely told Kuruwa that he had filed a green card application on Kuruwa's behalf, allowed Kuruwa's visa status to expire, and filed an untimely and unauthorized application for a tourist visa, we find that the magistrate judge did not abuse his discretion in imposing punitive damages in this case.

Finally, because the appellees did not appeal from the judgment, we deny their request that the punitive damage award be increased. *See Greenlaw v. United States*, 554 U.S. 237, 244 (2008) (stating that "an appellate court may not alter a judgment to benefit a nonappealing party"); *Pac. Capital Bank, N.A. v. Connecticut*, 542 F.3d 341, 349 (2d Cir. 2008) (finding that appellee's challenge to district court's decision was "not properly before us, given that it suggests that the district court's judgment should have been different, and given that [the appellee] did not file a cross-appeal").

We have considered all of Meyers's arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk