EPHRAIM K. LEIBOWITZ, as Trustee in Bankruptcy of the Estate of MEADOWSTONE OF WESTCHESTER, INC., Bankrupt, Respondent, v. COUNTY TRUST COMPANY, Appellant.— In an action by a trustee in bankruptcy to recover moneys due pursuant to an agreement between the bankrupt and the defendant, and interest on the principal sum, the defendant appeals from a judgment of the Supreme Court, Kings County, entered December 26, 1962, after a trial before a Special Referee, awarding $8,191.40 to the plaintiff (less $400 due to another creditor) with interest on part of the principal sum from January 1, 1962 and interest on other parts from subsequent dates. Judgment reversed on the law and facts, without costs, and complaint dismissed, without costs, without prejudice to a new action. The finding of fact that the plaintiff made demands for payment prior to January 1, 1962 is modified to read that the plaintiff made demands for payment but the record does not show that such demands were made prior to January 1, 1962. Other findings contained in the Referee's opinion or decision which may be inconsistent herewith are reversed and new findings are made as indicated herein. The reserve account agreement had been executed to provide for and to insure payment of certain notes. It provided, subject to certain limitations, that if "the net amount in the Reserve Account at the end of any calendar year shall exceed the maximum reserve amount thus computed, such excess, may" at the defendant's "option" be refunded to the bankrupt. It was further provided that on "payment in full of all Notes and Instruments purchased by" the defendant pursuant thereto "and complete performance" of the bankrupt's obligations, "the net amount then remaining in the Reserve Account shall be paid to" the bankrupt. On or about January 1, 1962 the defendant, with certain limitations, had the option of paying excess funds in the reserve account to the plaintiff, in accordance with the net amount in said fund at the end of the calendar year 1961. It did not choose to exercise the option. On January 1, 1962 there was on record with the defendant a notice of levy on the bankrupt's assets in its possession which had been filed by the Internal Revenue Service. In view of the bankruptcy proceeding, the notice of levy had been improperly served and it was withdrawn prior to the commencement of the action. On the date of the trial, there was still in effect a partial assignment from moneys in the reserve account to a creditor of the bankrupt. On January 1, 1962 the moneys in the reserve account exceeded all the contingent liabilities on the unpaid notes, the amount of the Federal lien or levy on the bankrupt's assets and any assignments by the bankrupt of which the defendant had notice. The plaintiff instituted this action on or about July 12, 1962. On the date that the action was instituted some of the moneys payable pursuant to the notes were not yet due and had not been paid, although by trial date all of the moneys due pursuant to the notes had been paid to the defendant. The courts may not make new contracts for the parties under the guise of interpreting or construing their written agreements (*Friedman* v. *Handelman*, 300 N. Y. 188, 194). The courts will not make unnatural implications or artificial interpretations merely because one of the parties has made an improvident bargain in whole or in part (3 Williston, Contracts [rev. ed], § 620, p. 1788; cf. *City Screenprint Corp.* v. *Aguilar Corp.*, 10 N Y 2d 766). In our opinion, the defendant was not

required to make payment to the plaintiff of any sums in the reserve account while some of the moneys due under the notes, i.e., contingent liabilities, were not yet due and had not been paid. Defendant had the right to make such payments, at its option, but it did not elect to exercise such option. Therefore, the action was prematurely instituted. Since the plaintiff was not entitled, as a matter of right, to any portion of the principal sum on the date that the action was instituted, he was not entitled to interest on the principal sum. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.