■ HAMILTON PRINTING CO., INC., Respondent, v. ERNEST PAYNE CORPORATION, Appellant, et al., Defendant.— REYNOLDS, J. Appeal from an order of the Supreme Court, Ulster County, denying appellant's motion pursuant to CPLR 3211 (subd. [a], par. 7) to dismiss respondent's amended complaint upon the grounds it fails to state a cause of action. Respondent seeks to recover from appellant and/or the Wolff Book Mfg. Co., Inc., for breach of warranty in connection with certain machinery it purchased. While the complaint taken alone indicates that appellant acted solely as an agent for a disclosed principal, Wolff Book Mfg. Co., and thus that there would ordinarily be no cause of action against it, Special Term found that Wolff Book's answer and appellant's own answer raise questions as to appellant's role in the transaction. In Wolff Book's answer it is suggested that appellant bought the equipment from Wolff Book and resold it to respondent and it is inferable from its own answer that it was a true broker and not in fact an agent. Appellant urges that Special Term could not utilize these answers in reaching its decision, being limited solely to the face of the complaint. While this was the rule prior to the adoption of the CPLR (e.g., *Wolk* v. *Royal Ind.*, 27 Misc 2d 478, 480), under the CPLR a motion such as the instant one is not addressed merely to the face of the pleading. CPLR 3211 (subd. [c]) makes available on motions such as the instant one all manner of extrinsic proof and it, therefore, follows that the answers here involved could properly be considered (4 Weinstein-Korn-Miller,

N. Y. Civ. Prac., par. 3211.43; 6 Carmody-Wait 2d, New York Practice, pp. 408–409; Siegal, 1964 Practice Commentary to McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3211). Order affirmed, with costs. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur; Taylor, J., not voting.