■ I. ALAN HARRIS, Respondent, v. MOE SOBEL, Individually and as Trustee under the Will of NATHAN SOBEL, Deceased, et al., Appellants.— Order, entered June 25, 1968, unanimously modified, on the law, to grant defendants' motion to the extent of dismissing the fifth cause of action and order otherwise affirmed, without costs and without disbursements. In affirming the determination below, insofar as it sustains the first four causes of action, we hold that the Statute of Frauds is not a valid defense to such causes. It is provided that the statutory requirement for a writing in the case of contracts for rendition of services as a broker or finder " shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or a duly licensed real estate broker or real estate salesman." (General Obligations Law, § 5–701, subd. 10.) With due consideration of the terms of the statute and upon a review of legislative data,

we conclude that the statutory exclusion in favor of an attorney at law (admitted to practice in New York) applies whether or not there existed an attorney-client relationship between the parties. This was our conclusion in affirming Special Term in *Rever* v. *Kayser-Roth Corp.* (29 A D 2d 920). The fifth cause of action, according to plaintiff's affidavit, is maintained " to recover damages, including exemplary damages, from [the named defendant] as an individual, suffered by me and arising out of the deliberate, wilful, malicious and wanton acts performed by him during the course of the negotiations and subsequent to the * * * sale " concerning which the plaintiff allegedly rendered services. The plaintiff, however, has failed to plead a cause of action on theory of malicious interference with either contractual negotiations or contractual obligations or on theory of prima facie tort. The plaintiff does not plead the necessary ultimate facts in support of the alleged wrongs (see *Benton* v. *Kennedy-Van Saun Mfg. & Eng. Corp.*, 2 A D 2d 27, 30). Furthermore, plaintiff's affidavits fail to show the existence of a factual basis for a cause of action in tort against the particular defendant. Concur — Botein, P. J., Eager, Capozzoli, McGivern and Rabin, JJ.