■ BERNARD L. SELIGMAN, Appellant, v. EXQUISITE FORM INDUSTRIES, INC., et al., Defendants, and MARION PLEHN et al., as Executors of HENRY M. PLEHN, Deceased, Respondents.— Order entered February 28, 1969, unanimously reversed, on the law, and the motion to dismiss is denied, with $50 costs and disbursements. The statutory requirement of a writing in the case of contracts to pay compensation for the rendition of services as a finder in connection with the sale of a business opportunity (General Obligations Law, § 5–701, subd. 10) has been held not to apply to an attorney at law, as the statute so precisely declares; and this has been so concluded whether or not an attorney-client relationship existed between the parties. (*Harris* v. *Sobel*, 31 A D 2d 529, *Rever* v. *Kayser-Roth Corp.*, 29 A D 2d 920.) Concur — Stevens, P. J., Capozzoli, McGivern, Nunez and Steuer, JJ.

■ HORACE BULLARD, Respondent, v. EDWARD GRAHAM et al., Appellants.— Order entered May 8, 1968, unanimously modified, on the law, to the extent of denying plaintiff's motion for summary judgment against defendants and, as so modified, affirmed, without costs and without disbursements. The proof submitted by plaintiff discloses that the automobile owned by defendant husband was caused to move forward and strike the rear of plaintiff's vehicle by the act of the codefendant in inadvertently hitting the accelerator with her foot. The proof is unclear, however, as to which defendant at the time was operating the vehicle. A triable issue is presented as to the negligence, if any, of defendants (cf. *Feldman* v. *Lashine*, 10 N Y 2d 964). Concur — Eager, J. P., Capozzoli, McGivern, Nunez and Bastow, JJ.

■ DUNBAR S. McLAURIN, Appellant, v. HAGER REALTY CORP. et al., Respondents.— Order entered September 14, 1967, and judgment entered thereon October 11, 1967, as appealed from, unanimously modified, on the law, to the extent of vacating the dismissal of the first cause of action of the complaint herein with respect to defendants Hager Realty Corp. and 200 East 34th Street Management Corp., and reinstating the same. As so modified the order and judgment are otherwise affirmed, without costs or disbursements to either party. We have held in a companion case involving the same parties that dismissal of the action by this plaintiff and others for specific performance was not *res judicata* " as to the right, if any, of the plaintiffs to recover back the down payment " (*Freedom Enterprises* v. *Hager Realty Corp.*, 32 A D 2d 899). Accordingly, the dismissal at Special Term on that ground cannot stand. Concur — Stevens, P. J., Tilzer, Markewich, Nunez and McNally, JJ.

■ MICHAEL E. BERNSOHN, by His Guardian ad Litem RUTH LEVY, et al., Respondents, v. STATE DORMITORY AUTHORITY, Defendant. MICHAEL E. BERNSOHN, Respondent, v. ROGER & McCAY, INC., et al., Appellants, et al., Defendant. ROGER & McCAY, INC., Third-Party Plaintiff-Appellant, v. CHEROKEE PLATE GLASS CO., Third-Party Defendant.— Order entered April 11, 1969 unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, and the motion to restore the action to the calendar denied. This action to recover damages for injuries alleged to have been sustained by plaintiff in December, 1959 through the negligence of defendants was commenced in February, 1964. In December, 1965 a note of issue was filed without a statement of readiness. The action was dismissed (CPLR 3404) on January 3, 1967. Some two years later, in January, 1969, plaintiff moved to restore the case to the calendar. We conclude that the granting of such relief was an improvident exercise of discretion. The principal excuse proffered was that the statement of readiness was not filed through clerical error of the attorney and that such oversight was not discovered until some three years later. Such an excuse is insufficient (*Sortino* v. *Fisher*, 20 A D 2d 25, 29). Concur — Stevens, P. J., Eager, Tilzer, McNally and Bastow, JJ.