■ PAN AMERICAN WORLD AIRWAYS, INC., Appellant, v PREMIER TOURS, INC., et al., Defendants, and BRIAN MAITLAND-SMITH, Respondent.—Order, Supreme Court, New York County, entered September 15, 1975, which, *inter alia,* denied plaintiff's motion for the arrest of the defendant Brian Maitland-Smith, unanimously affirmed, without costs or disbursements. Pan American World Airways, Inc., sued the corporate defendant as well as the individual Brian Maitland-Smith for conversion based on the alleged failure to remit proceeds of air travel tickets. The sole issue raised on appeal is whether Special Term properly exercised its discretion in declining to direct the civil arrest of the individual defendant. The severity of the remedy of civil arrest warrants its being applied only in very limited cases *(Bata v Bata,* 277 App Div 335, app dsmd 302 NY 213). There was no indication in the case at bar that the defendant will not be available at trial, nor was there conclusive proof presented that plaintiff would be entitled to the relief sought. We find, therefore, that Special Term providently exercised its discretion in denying plaintiff's motion. Concur—Stevens, P. J., Kupferman, Lupiano, Lane and Lynch, JJ.

■ PATRICIA IRIZARRY, Appellant, v CITY OF NEW YORK, Respondent.— Judgment, Supreme Court, New York County, entered June 10, 1971, dismissing plaintiff's complaint for failure to present a prima facie case at trial on the issue of liability only, unanimously affirmed, without costs and disbursements. Plaintiff claims personal injury in that on the evening of May 4, 1965, as she was ascending the wet stoop to her house on East 98th Street in Manhattan, she was hit in the back of her head by gushing water and in avoiding such water, she slipped off the stoop. The wet condition of the stoop and the gushing water were apparently caused by children opening the fire hydrant and spraying water through tin cans. On this record it is clear that the fire hydrant on a public street was not a condition involving an unreasonable risk of harm. Use of the water by the children was *unauthorized,* but not in and of itself of a patently hazardous nature, and impinged upon the city's vital concern to conserve water and water pressure so as not to hamper firefighting. Finally, the record demonstrates that the city did not know of the existence of the alleged dangerous condition. The police were put on notice of the possibility of a loss of water and of annoyance to area residents. Viewed against the background of the absence of any invitation, express or implied, to the children, to use the street for play, the only argument which may be urged is that the city could have done a better policing job. However, this lack does not constitute negligence (see *Bass v City of New York,* 38 AD2d 407, 417, affd 32 NY2d 894; *Riss v City of New York,* 22 NY2d 579). Concur—Markewich, J. P., Lupiano, Silverman, Nunez and Yesawich, JJ.