Wachtler, J.
(dissenting). The majority of this court has today ruled that on a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (subd [a], par 7), the trial court may not dismiss as long as the complaint and the plaintiffs affidavit, if there be any, state all the elements of a cause of action, and that a defendant’s affidavit, clearly showing the absence of one of these essential elements, is of no avail. In essence, the majority has abrogated the statute and has revitalized the common-law demurrer.
In October, 1970, the individual defendant entered into a *637 written agreement with the plaintiff and one other calling for, inter alia, the sale by the defendant to the plaintiff of all the outstanding stock in codefendant Orofino Realty Co., Inc. The sole asset of the realty company was a parcel of improved real estate. The purchase price was $18,700; pursuant to the terms of the agreement, plaintiff was to make a down payment of $5,700 in cash or certified check within 16 months of December, 1970, with the balance payable in equal quarterly installments.
Plaintiff admittedly failed to make the down payment within the prescribed period; i.e., prior to the end of April, 1972. Indeed, in the complaint in this action, plaintiff admits that he did not render any payment until April 21, 1975, some three years after the down payment was called for by the terms of the contract; and, the payment tendered was in the form of a personal check for $1,870, not the $5,700 called for by the agreement. Defendant rejected the tendered payment, and in May, 1975 plaintiff commenced this action for specific performance by the service of a summons and verified complaint.
While the plaintiff states in the complaint that "he stood ready, able and willing to complete the transaction” nowhere does he allege that he in fact had tendered the down payment.
Defendants, prior to the service of an answer, moved to dismiss the complaint for failure to state a cause of action. In support of their motion defendants submitted affidavits by their counsel and by the individual defendant pointing out the failure on the part of the plaintiff to make the required down payment. Plaintiffs counsel submitted an affidavit in opposition to the motion to dismiss, but the plaintiff himself did not submit an affidavit. In the affidavit in opposition plaintiffs counsel tacitly admits that there had been no tender of the requisite down payment; he claims, however, that any delays in the culmination of the transaction were either excusable by reason of the death of plaintiffs partner, or consented to, or the fault of, the individual defendant. The affidavit does not, however, place any fact in evidence or even present the offer of a scintilla of proof to support these conclusory claims.
Plaintiffs attorney claimed that the failure on the plaintiffs part to tender the down payment could be attributed to (1) the untimely death of his partner; (2) the absence of the individual defendant from the jurisdiction; and (3) the individual defendant’s willingness to extend the closing time. In response *638 to these allegations we need only note that (1) the plaintiffs partner died on June 30, 1974, some 26 months after the date the down payment was due; (2) plaintiffs attorney, in his affidavit, admits that the individual defendant was absent from the jurisdiction for only approximately 22 Vi% of the time since the date of the agreement in question; and (3) there has been no real evidence offered that the individual defendant consented to extend the time for closing.
A motion to dismiss for failure to state a cause of action is no longer, as it once was, limited to the face of the complaint (CPLR 3211, subd [c]). The question now is whether the plaintiff has a cause of action, not simply whether he has stated one. Thus, the court may consider affidavits and other extrinsic proof to determine whether a fact essential to the plaintiffs cause of action is lacking. (See Siegel,. Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3211:24, pp 30, 31; 4 Weinstein-Korn-Miller, NY Civ Prac, pars 3211.35, 3211.36, 3211.43; 6 Carmody-Wait, 2d, NY Prac, § 38.19; Nader v General Motors Corp., 25 NY2d 560, 565; Rapoport v Schneider, 29 NY2d 396, 401; Hamilton Print. Co. v Payne Corp., 26 AD2d 876; Harris v Sobel, 31 AD2d 529; Kelly v Bank of Buffalo, 32 AD2d 875.)
Today, however, this court has held that these affidavits "are not to be examined for the purpose of determining whether there is evidentiary support for the pleading.” Hence, the defendant can no longer move to dismiss under this section no matter how conclusively he can show that the plaintiffs cause of action, though properly pleaded, has no basis in fact. Thus, while CPLR 3211 (subd [c]) specifically provides that "either party may submit any evidence that could properly be considered on a motion for summary judgment” in connection with a motion to dismiss, the majority’s decision makes it an empty exercise for the defendant to do so.
While the trial court should be more circumspect before using affidavits to cut short a plaintiffs "day in court” in connection with a CPLR 3211 (subd [a], par 7) motion which has not been treated as one for summary judgment, we cannot agree that this plaintiff should be allowed to defeat the motion to dismiss by means of a conclusory affidavit by his attorney asserting defenses of waiver and excuse of performance where, as here, it is clear that an essential element of the cause of *639 action is admittedly absent. "Paragraph 7 * * * does not compel the movant to assume the truth of the allegations. If he can show that any material fact the pleader claims to be a fact is not a fact at all, and that no significant dispute can be said to exist regarding it, the motion lies and may be granted.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3211:25, p 31.) If this complaint and its concededly vacuous affidavit can survive, then it would be difficult to conceive of any complaint that would not.
The burden rests with the plaintiff with respect to the issue of the performance of the condition precedent, i.e., the tender of the down payment; we do not believe that the plaintiff can admit the nonperformance of this condition precedent and yet sustain his cause of action against a motion to dismiss by a mere conclusory, and apparently unsupported, allegation of waiver or excuse of performance. While the majority is correct that the viability of a party’s cause of action should not depend on the degree of skill possessed by his counsel, this shield should not be transformed into a sword by allowing the plaintiff’s cause of action to stand under these circumstances. The burden should not be placed on the defendant to go forward with a defense to this insufficient complaint; if the plaintiff truly has factual material which might justify his failure to tender the down payment, he should be required to plead it. There is little solace to the defendant that the plaintiff’s action might be more successfully challenged via a motion for summary judgment, since this defendant has already borne the expenses of legal representation with respect to this motion and any further representation in this matter will only increase that burden.
Accordingly, the order of the Appellate Division dismissing the complaint should be affirmed.
Chief Judge Breitel and Judges Jasen, Jones, Fuchsberg and Cooke concur in Per Curiam opinion; Judge Wachtler dissents and votes to affirm in a separate opinion in which Judge Gabrielli concurs.
Order reversed, etc.