OPINION OF THE COURT
Richard F. Kuhnen, J.
Motion by defendant to dismiss the complaint under CPLR 3211 (subd [a], par 7) for failure to state a cause of action or for an order under CPLR 3212 for summary judgment.
The complaint, by a nine-year-old boy and his parents, asks for damages based on illness suffered by the boy from chewing a piece of unwrapped mud-covered gum which he found on the floor of a school bus while being transported to school in the morning. The gum is alleged to have been "coated with phencyclidine (PCP), better known as 'Angel Dust,’ a dangerous and potentially lethal drug”.
The negligence charged in the complaint against the defendants is failure "to properly maintain the interior of the school bus and * * * to properly supervise infants, such as Matthew Scott Hatlee, during the ride to school”.
On a motion to dismiss a complaint for failure to state a cause of action "the court is no longer limited to a consideration of the pleading itself but may consider extrinsic matter submitted by the parties in disposing of the motion.” (Kelly v Bank of Buffalo, 32 AD2d 875; Hamilton Print. Co. v Payne Corp., 26 AD2d 876.)
Considering the motions therefore as one for summary judgment, the court has examined the factual proof contained in the affidavits and the examinations before trial and has reached the conclusion that the motion for summary judgment dismissing the complaint. should be granted. Even if there was a duty on the defendants to keep the school bus floor in a reasonably clean condition and to provide "such reasonable supervision and care as the circumstances demand” (Williams v Board of Trustees of Dist. No. 1, Town of Eaton, 204 App Div 566, 568), and even if they were derelict in such duties (which does not seem to be the case), the risk of *1105 such danger as occurred was not by the wildest stretch of imagination reasonably foreseeable.
It is conceded that the defendant bus driver was not aware of the piece of gum on the floor, aside from the fact that it contained a harmful drug (if it did). It also appears that no one has any knowledge of who put it there or when or how long it had been there. The driver testified that she has two bus runs each morning. The infant plaintiff was on the second run which commences at 8 o’clock and which usually carries about 30 children. In the 5 to 10 minutes between the two runs she regularly "picked up the papers and swept it as it needed it or washed it as it needed it”. She has noticed the remains of candy bars or gum on the floor, but "[u]sually it’s nothing you’d want to put in your mouth, though”. There have never been complaints to her in her 18 years of bus driving concerning the tidiness of the floor and she has never had any knowledge of any of the students using drugs on the bus.
None of the affidavits or the examinations before trial contain any reference to lack of proper supervision on the bus and, in the absence of notice of any specific problems arising, the driver of a bus containing 30 children can exert very little supervision except by the authority of her presence.
The real difficulty with plaintiffs’ case is that the presence of the gum on the floor did not in and of itself represent a dangerous condition. It was dangerous only if it contained the harmful chemical alleged, of which the defendant driver had no notice and for the presence of which she was certainly not chargeable. (Cf. Irizarry v City of New York, 52 AD2d 807.)
The issue of proximate cause presents an even greater obstacle to plaintiffs. Nothing has been presented which would lead a reasonably prudent person to conclude that some act of commission or omission by defendant driver was likely to result in such an injury as took place. To hold otherwise would be to say that she should reasonably have foreseen that (1) someone would deliberately discard or accidently lose an unchewed piece of gum on the floor; (2) that it would be coated with a dangerous chemical; and (3) that a nine year old, in spite of warnings by his parents against eating things from the floor, would pick it up and chew it, thin mud coating and all. The court refuses to accept these assumptions. The statement in Ward v State of New York (81 Misc 2d 583, 586-587) is particularly appropriate:
*1106 "One of the prerequisites of liability based on negligence is that the risk of injury or damage must have been reasonably foreseeable. Foreseeability of the risk of injury or damage is the quintessential and indispensable requisite of negligence, the conditio sine qua non. In other words, negligence is gauged by the ability to anticipate; the risk must lie within the range of apprehension. * * *
"Not every possible accident due to unusual and reasonably foreseeable combinations of circumstances is included in the concept of actionable negligence; reasonable foresight is required, but not prophetic vision. The test of actionable negligence is not what could have been done to have prevented a particular accident, but what a reasonably prudent and careful person would have done under the circumstances in the discharge of his duty to the injured party. Failure to guard against a remote possibility of accident, or one which could not, in the exercise of ordinary care, be foreseen, does not constitute negligence. Negligence does not exist unless there is a reasonable likelihood of danger as the result of the act complained of.”
For the reasons set forth, the court holds that the complaint should be dismissed.