■    CHARLES CROMER et al., Respondents, v COUNTY OF NASSAU, Appellant.—In an action, in effect, to declare that the individual plaintiffs are entitled to credit for employment under the Emergency Employment Act of 1971 (formerly US Code, tit 42, § 4871 *et seq.)* in determining their salary level upon securing civil service positions identical to those held under the Emergency Employment Act, defendant appeals from a judgment of the

Supreme Court, Nassau County, dated September 14, 1979, which, in effect, held that said plaintiffs were entitled to such credit. Judgment reversed, on the law, without costs or disbursements, and it is declared that the individual plaintiffs are not entitled to credit for employment under the Emergency Employment Act of 1971 in determining their appropriate salary level when they obtained civil service employment with the defendant. The individual plaintiffs (hereafter plaintiffs) were hired in 1972 under the auspices of the Emergency Employment Act of 1971 (hereafter EEA) as auto mechanics for the Nassau County Police Department. During the course of their EEA employment, plaintiffs received step increases pursuant to a collective bargaining agreement between the Nassau Chapter, Civil Service Employees Association (hereafter the CSEA) and the defendant. In August, 1973, prior to permanent employment by the county, they had reached the level of grade 9, step 2, of the salary plan. Upon obtaining permanent civil service employment, however, plaintiffs were reduced to the entry level of grade 9, step 1, receiving no credit for their prior EEA experience. This action was thereafter instituted for a judgment determining that pursuant to the CSEA contract, plaintiffs had commenced service with the county upon obtaining EEA employment and were therefore entitled to annual salary increments from the commencement of that employment. The Justice at Special Term concluded that plaintiffs had been county employees from the outset and granted the requested relief. We reverse. The county contends that plaintiffs' claim should be barred by the Statute of Limitations set forth in CPLR 217 or, alternatively, for failure to exhaust administrative remedies. Concerning the former contention, it appears that plaintiffs' claim of improper reduction in salary is one which might properly be maintained as an action in contract (see *Smith v Helbraun,* 24 AD2d 518; *Nelson v Board of Higher Educ.,* 263 App Div 144, 147, affd 288 NY 649). The period of limitations of the breach of contract claim underlying the declaratory judgment action controls the time in which the said action must be commenced *(Solnick · v Whalen,* 49 NY2d 224) and CPLR 217 is therefore inapplicable. Accordingly, the action was timely commenced. The county's contention that plaintiffs have failed to exhaust administrative remedies is also without merit. Although the defendant county asserted at the trial level that plaintiffs had an available remedy under the provisions of the CSEA contract and has now abandoned that claim on appeal in favor of an argument that plaintiffs failed to exhaust the administrative review remedy provided in subdivision 6 of rule 29 of the Nassau County Civil Service Commission, it is our opinion that the remedy it now asserts is inapplicable to the present situation. Subdivision 6 of rule 29 is directed to those complaints involving reclassification of a position which, as defined in subdivision 1, involves a "reallocation of a position from one class to another because of a permanent and material change in the duties of that position". The instant action asserts only the improper failure to credit plaintiffs for their prior experience and therefore does not fall within the asserted rule. In any event, this claim was improperly made for the first time on appeal. In the companion appeal of *Nassau Ch. of Civ. Serv. Employees Assn. v County of Nassau* (77 AD2d 616), we have held that transitional employees holding positions under the Comprehensive Employment and Training Act (CETA), although in some sense employed by the county by virtue of the county supervision, do not commence service for the county for purposes of CSEA collective bargaining agreements until they have successfully made the transition from a trainee position to actual county service in accordance with the provisions of the Civil Service Law.

As the same considerations which prompted the result in that case apply to employment pursuant to the EEA, CETA's predecessor statute, we conclude that as plaintiffs' entitlement to yearly salary increases is dependent upon when county service commences, entitlement does not vest until county civil service positions have been secured. Although the result of this decision is to initially reduce the employee's salary upon transition from EEA training to civil service employ, this result is not unreasonable. The EEA program was designed to provide transitional training to bring unemployed persons to a level where they might be assimilated into the public sector workforce. As this training was designed to elevate the trainees to an employable level, it would be unjust to require that upon elevation to the threshold entry level, they should receive the salary of an experienced employee. Special Term, in holding to the contrary, noted the expressed goal of affording such persons "upward mobility" and concluded that a cut in pay would be contrary to this end. However, while such action might initially appear to be contrary to the stated goal of the program, it should be noted that by virtue of the training program, the plaintiffs qualified for permanent employment and have been assimilated into a system where the opportunity for upward mobility, not formerly within their reach, is now available. The stated reasons underlying our holding in *Nassau Ch. of Civ. Serv. Employees Assn. v County of Nassau (supra)*, that commencement of county service begins upon entry into civil service employment, are applicable to this case and impel the conclusion that upon hiring the plaintiff EEA trainees, the county properly placed them at an entry level salary grade. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.