■ NASSAU CHAPTER OF THE CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent, v COUNTY OF NASSAU, Appellant.—In an action to declare that certain employees of the defendant, initially hired pursuant to the Comprehensive Employment and Training Act of 1973 (CETA) prior to December 31, 1976 and who secured civil service positions after that date, are for purposes of the collective bargaining agreement between plaintiff and defendant deemed to have commenced service with the defendant upon entering the CETA positions, defendant appeals from a judgment of the Supreme Court, Nassau County, entered October 15, 1979, which, *inter alia,* held that CETA employment would be deemed to constitute commencement of county service under the agreement. Judgment reversed, on the law, without costs or disbursements, and it is declared that CETA employment

shall not be deemed to constitute commencement of county service. Pursuant to a collective bargaining agreement entered into between the plaintiff, Nassau Chapter of the Civil Service Employees Association, Inc., and the defendant, County of Nassau, only those employees who commenced service with the county on or before December 31, 1976 would be entitled to continue in the "Incremental Graded Salary Plan, Plan A". Those employees commencing service subsequent to the cutoff date would be covered under a nonincremental graded salary plan, Plan B. Plaintiff, on behalf of those persons employed as CETA workers prior to the cutoff date and who were ultimately hired by the county as civil service employees after that date, commenced the instant action for a judgment determining that these workers were entitled to be included in Plan A. Special Term, concluding that CETA workers were county employees, granted the requested relief. We reverse. In *Matter of Board of Educ. v Nyquist* (45 NY2d 975, revg 59 AD2d 76 on the dissenting opn at the App. Div.), it was held that a school teacher hired under CETA's predecessor statute, the Emergency Employment Act of 1971 (formerly US Code, tit 42, § 4871 *et seq.;* US Code, tit 29, § 841 *et seq.)* would be deemed to be an employee of the supervising agency, the board of education. This decision was prompted by the fact of the supervision, direction and control exercised by the board of education over the employee and by the fact that it had the right to terminate the employment. Similar supervision and control existed for those persons engaged by defendant as CETA employees prior to the cutoff date. Although funding was Federal and certain Federal standards had to be met before such employment was permitted, control and supervision, as well as physical payment, were the responsibility of the county. Consequently, although not civil service employees (see *Papa v Ravo,* 70 AD2d 59), the CETA workers in question were in the employ of the county. Nevertheless, in light of the temporary nature of the CETA position, we believe that for the purposes of the employment agreement, commencement of county service should not be deemed to begin until a position is obtained pursuant to the procedures set forth in the Civil Service Law. "The public sector jobs created by such [CETA] funds are transitional and are designed to enable participants to move ultimately into public or private employment" *(Papa v Ravo, supra,* p 63; US Code, tit 29, §§ 843, 845, subd [b], par [4]). The CETA position is thus a temporary one and, absent compliance with civil service eligibility provisions, there is no prospect for further public employment upon termination of the position. That this service may not be included in any program which provides benefits based upon length of service and may not be asserted to abridge promotional opportunities of civil service employees further emphasizes the conditional nature of CETA employment (US Code, tit 29, § 824; subd [k]). As a result, although such workers are in essence employed by the county, commencement of county service for purposes of the employment provisions of the Nassau Chapter, CSEA, contract must be held to begin only after the employee has secured employment in accordance with the provisions of the Civil Service Law. This conclusion is further supported by reference to that section of the CSEA contract which covers provisional employees. Although the contract provides such employees with additional salary benefits should the provisional employment have commenced prior to the December 31, 1976 cutoff date and employment from a civil service eligibility list have commenced after that date, it is clear that by excluding such employees from Plan A, the contract considers them not to have commenced county service upon beginning provisional employment. As these employees are similar to CETA workers

in that both hold positions of limited duration and neither have an inherent right to continued employment upon expiration of the temporary term, the same interpretation of commencement of service should hold true for CETA positions. Therefore we conclude that those CETA employees hired by the county after December 31, 1976 must be excluded from Plan A notwithstanding CETA service prior to that date. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur. [101 Misc 2d 328.]