(May 18, 1981)

■ THERESA ALOI et al., Appellants, v BOARD OF EDUCATION OF THE WEST BABYLON UNION FREE SCHOOL DISTRICT, Respondent. — In an action for a declaratory judgment and to recover money damages for breach of a collective bargaining agreement, which was submitted to the court for determination pursuant to CPLR 3031, plaintiffs appeal from an order of the Supreme Court, Suffolk County, entered April 11, 1980, which dismissed the complaint upon the grounds (1) the board of education's decision that there was no violation of the agreement was final, (2) the Statute of Limitations, and (3) the notice of claim was untimely (Education Law, § 3813). Order reversed, on the law, with $50 costs and disbursements, it is declared that defendant is obligated to pay the union, on behalf of the plaintiff employees, the employees' average wages for February 6 through 10, 1978, and the case is remitted to Special Term for the entry of a judgment in accordance herewith. The aggrieved plaintiffs were part-time hourly food service employees working for the defendant board of education. On February 6

through 10, 1978, the schools in which the employees worked were closed due to a snow emergency and the employees did not work on those days. Subsequently, on the make-up school days, the employees worked and were paid. The relevant clause in the collective bargaining agreement states: "When schools are closed because of snow on a regular school day, Food Service Workers will be paid as per their average work day." Pursuant to regulations promulgated by the board of education, a grievance was submitted by the West Babylon Non-Teaching Unit of the Civil Service Employees Association, which represented the food service employees. In the final step of the procedure, the board of education denied the grievance. The individual employees and their union bring this action seeking (1) a declaration of their rights under the collective bargaining agreement, and (2) money damages representing wages for the snow days of February 6 through 10, 1978. Initially we note that the individual members of the union have no standing to assert a claim under the collective bargaining agreement, except through their union (see *Berlyn v Board of Educ.*, 80 AD2d 572). However, since the union is a party plaintiff the action need not be dismissed. The board of education, referring to its regulation which states that "The report of the Board of Education shall be final", contends that the courts cannot review its determination. We disagree. The regulation cannot preclude judicial review in the absence of a voluntary surrender of the union's right to resort to the courts to enforce the collective bargaining agreement (see *Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.]*, 306 NY 288, 289). Nor does the union's submission of the dispute to the board of education's grievance mechanism result in a waiver of the union's rights. Otherwise, the failure of the union to avail itself of the remedy provided would preclude judicial review, under the exhaustion of administrative remedies rule (see *Lewis v Macchiarola*, 73 AD2d 663, affd 53 NY2d 629). Special Term held that the notice of claim was untimely, since it was not served within three months of the accrual of the employees' claim, pursuant to subdivision 1 of section 3813 of the Education Law. We hold that the board has waived noncompliance with the statute by adopting inconsistent regulations in the grievance procedure (see *Matter of Florida Union Free School Dist. [Eastern Elec. Contr. Corp.]*, 75 AD2d 580). Moreover, the purposes of that section, to obtain evidence while it is still readily available and to adjust or make payment before litigation is commenced, are insured by the absolute bar against the union proceeding further if the notices required by each step of the grievance procedure are not timely filed (see *Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.]*, 45 AD2d 85; *Matter of Board of Educ. [Great Neck Teachers Assn.]*, 69 Misc 2d 1061, affd 40 AD2d 950). Thus, the defendant's regulations provide the only notice requirement that the union must meet (see *Matter of Board of Educ. v Deer Park Teachers Assn.*, 66 Misc 2d 794). Undisputably, the union has complied with all of the steps contained in the grievance procedure. Special Term also held that the Statute of Limitations had expired since the action was not commenced within four months of the date of the denial of the grievance by the board of education (see CPLR 217). The union, on behalf of its members, may properly bring a declaratory judgment action to construe their rights under the collective bargaining agreement (see *Matter of O'Brien v Board of Educ.*, 71 AD2d 605; *Smith v Helbraun*, 24 AD2d 518; *Lecci v Nickerson*, 63 Misc 2d 756). The Statute of Limitations applicable to a declaratory judgment action depends upon the nature of the substance of the underlying claim (see *Solnick v Whalen*, 49 NY2d 224).

Since the plaintiffs' underlying claim is an action on the contract, the six-year period contained in CPLR 213 (subd 2) is applicable (see *Cromer v County of Nassau,* 77 AD2d 610). Accordingly, the action was timely commenced. With respect to the merits of the employees' claim, the language of the relevant contract clause is unambiguous. The clause conveys the distinct impression that the employees are entitled to compensation for the days missed because of a snow emergency. The court should not make an artificial interpretation of the contract merely because one of the parties has made an improvident bargain (see *Leibowitz v County Trust Co.,* 19 AD2d 843). Although defendant claims that its employees should not be paid beyond the minimum number of school days, the board of education nevertheless compensated its clerical workers for the same snow days pursuant to a nearly identical clause contained within the same contract. Moreover, if the board wanted such an interpretation of the contract, it should have sought such a clause through negotiations with the union. Therefore, the defendant is directed to pay to the union, on behalf of the plaintiff employees, their average wages for the days of February 6 through 10, 1978. Hopkins, J. P., Titone, Gibbons and Cohalan, JJ., concur.