OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the case remitted to the Appellate Division, Second Department, for further proceedings in accordance with this memorandum.
We agree with the Appellate Division that the action was not time-barred. The court, however, improperly determined that individuals formerly employed by the County of Nassau in positions funded under the Emergency Employment Act of 1971 (formerly US Code, tit 42, § 4871 et seq., currently codified at US Code, tit 29, § 841 et seq.) as a matter of law did not commence county service until they secured civil service appointment for purposes of placement in the incremental salary plan under the collective bargaining agreement. Given the finding of an employment *929 relationship between the county and the workers in the Federally funded positions, the support in the record for that finding and the language of the collective bargaining agreement, there is no basis for denying these workers credit for their EEA experience in determining their salaries under the agreement (Nassau Ch., Civ. Serv. Employee Assn. v County of Nassau, 53 NY2d 559). Inasmuch as the Appellate Division determination is stated to be on the law, it is necessary to remit to that court for a review of the facts (CPLR 5613).
Chief Judge Cooke and Judges Jones, Wachtler, Fuchsberg and Meyer concur in memorandum; Judges Jasen and Gabrielli dissent and vote to affirm for reasons stated in the memorandum at the Appellate Division (77 AD2d 610).
Order reversed, etc.