■ NASSAU CHAPTER OF THE CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Respondents, v COUNTY OF NASSAU et al., Appellants. — In an action to declare that defendants have violated certain collective bargaining agreements and for incidental relief, including monetary compensation for breach of those agreements, defendants appeal from an order of the Supreme Court, Nassau County (Smith, J.), dated January 19, 1981, which denied their motion pursuant to CPLR 3211 (subd [a], pars 5, 7) to dismiss the complaint and, in effect, "provides for a plenary action upon a final determination of the Nassau County Executive after a grievance procedure review as provided for in a labor contract between the parties herein." Order affirmed, with $50 costs and disbursements. Plaintiffs[*] contend that the defendant county acted in violation of applicable collective bargaining agreements when it increased the number of hours that the individual plaintiffs were required to work each week. Before this action was commenced, this contention was presented in the form of a "class action" grievance under the grievance procedure established pursuant to the collective bargaining agreements. The grievance was ultimately resolved against plaintiffs when the defendant county executive rejected the recommendation of the grievance board that the grievance be "approved". Thereafter, plaintiffs commenced the instant action by which they seek a declaration that defendants have violated the collective bargaining agreements in the manner indicated, along with incidental relief, including compensation at the "overtime" rate for hours allegedly worked in excess of the hours required under the agreements. In general, absent an agreement to the contrary, such an action is a proper vehicle for asserting alleged violations of a collective bargaining agreement (see *Aloi v Board of Educ.,* 81 AD2d 874). In response to plaintiffs' complaint, defendants moved to dismiss the complaint on the grounds that it failed to state a cause of action and was barred by the four-month Statute of Limitations contained in CPLR 217. Special Term denied defendants' motion in all respects. The sole arguments for dismissal of the complaint that were alleged by defendants at Special Term and that are pursued on this appeal are (1) that the complaint must be dismissed because it does not allege that plaintiffs have exhausted their administrative remedies, (2) that plaintiffs' exclusive remedy for vindicating their alleged contract rights was to pursue the grievance procedure established under the contract and, if the final determination of their grievance by the defendant county executive was adverse to them, as it was, to challenge that determination as arbitrary or capricious in an article 78 proceeding, (3) that such a proceeding is time barred, and (4) that "[a]t this stage, the proper course of action [for plaintiffs] would be to file an improper practice *[sic]* with the New York State Public Employment Relations Board". Finding the asserted grounds for dismissal of the complaint to be wholly without merit, we affirm the order of Special Term. It is clear from the record that plaintiffs have exhausted their administrative remedies. Indeed, the Deputy County Attorney's affirmation in support of the motion to dismiss states: "The County Executive's review of the

---

[*] As we said in *Aloi v Board of Educ.* (81 AD2d 874, 875): "Initially we note that the individual members of the union have no standing to assert a claim under the collective bargaining agreement, except through their union (see *Berlyn v Board of Educ.,* 80 AD2d 572). However, since the union is a party plaintiff the action need not be dismissed."

Grievance Board determination is dated April 15, 1980, thus, exhausting the administrative process on that date." Thus, plaintiffs' complaint need not be dismissed on this ground (see *Hamilton Print. Co. v Payne Corp.*, 26 AD2d 876). Nor is there any merit to defendants' contentions that plaintiffs have bargained away their right to bring this action, and that their sole remedy is to pursue the grievance procedure and challenge any adverse grievance determination on the limited grounds set forth in CPLR article 78. "The rule is that a party [to a contract] is not to be compelled to surrender his right to resort to the courts, with all of their safeguards, unless he has agreed in writing to do so [citation omitted], and by clear language [citation omitted]. Although one may by contract bargain away his right to resort to the courts in matters which might be the subject of a civil action [citation omitted], 'the agreement to do so will not be extended by construction or implication' *(Western Assur. Co. v. Decker, 98 F. 381, 382)." (Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 NY 288, 289.)* This "rule" is applicable in the situation presented at bar (see *Aloi v Board of Educ., supra).* Although the defendants' argument on the point is far from clear, they appear to base their argument that plaintiffs have bargained away their right to bring this action upon a provision in the applicable collective bargaining agreements that states that if an employee is not satisfied with the Commissioner of Labor's decision upon his grievance, he may submit his grievance to nonbinding arbitration or appeal such decision to: "(a) The Nassau County Grievance Board *in accordance with the rules and regulations of such board"* (emphasis added). Then, invoking rules and regulations of the grievance board which were adopted only after the county executive decided plaintiffs' grievance, defendants argue that these rules and regulations provide, in effect, that the county executive's decision as to plaintiffs' grievance, based upon his rejection of the board's advisory recommendation, is final for all purposes unless it is arbitrary or capricious. Assuming, *arguendo,* that they are applicable in this case even though they do not state that their effect is retroactive, and that, if applicable, any provisions contained therein which related to matters other than the procedures to be followed by the board in determining grievances placed before it would be binding upon plaintiffs under the collective bargaining agreements, we cannot conclude that those rules and regulations clearly establish that the result of the grievance procedure is binding upon plaintiffs to the extent that it would bar them from maintaining this action. There is no express language in them to that effect. Indeed, although we need not decide the issue in this case, when read most favorably to defendants, the rules and regulations establish at most that the county executive's decision is the final step in the grievance procedure. However, they do not establish that that decision is "final" in the sense that it would prevent plaintiffs from maintaining this action. Since the grievance procedure provided for in the collective bargaining agreements does not provide an exclusive remedy for vindication of plaintiffs' claim, the plaintiff union may properly maintain this action, which, by its nature, is not subject to the Statute of Limitations set forth in CPLR 217 (see *Aloi v Board of Educ., supra; Cromer v County of Nassau,* 77 AD2d 610, revd on other grounds 54 NY2d 927). With respect to defendants' suggestion, which is unaccompanied in their brief by any citation to statute or case law, that plaintiffs' proper remedy is to file an improper practice charge with the Public Employment Relations Board, it is quite apparent that that board has no jurisdiction over plaintiffs' complaint in this case (see Civil Service Law, § 205, subd 5, par [d]; § 209-a). Cohalan, J. P., Margett, O'Connor and Thompson, JJ., concur.