## Alan H. Bomser, Appellant, v Allan Moyle, Respondent.

First Department, October 26, 1982

**APPEARANCES OF COUNSEL**

*Ellen G. Zindler* of counsel (*Swetnick, Rosenblum & Zindler,* attorneys), for appellant.

*Daniel J. Kornstein* of counsel (*Kornstein Meister & Veisz,* attorneys), for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

The appeal from the order dismissing the original complaint must be dismissed as moot since an amended complaint was served. Nonetheless, for purposes of background, a brief discussion will be had of that original complaint.

In the original complaint, plaintiff Bomser sought to recover from defendant Moyle upon a written finder's agreement. It was the plaintiff's contention that an "undated document" sent to him by the defendant constituted a written agreement. However, Special Term correctly

found that this unsigned document did not reflect any assent by the parties to a written agreement. The court also correctly recognized that the plaintiff, an attorney, could prove an oral finder's agreement because he was not precluded from doing so under section 5-701 (subd a, par 10) of the General Obligations Law (*Harris v Sobel,* 31 AD2d 529; *Seligman v Exquisite Form Inds.,* 33 AD2d 550). Special Term dismissed the original complaint without prejudice to the plaintiff's right to serve an amended complaint.

The amended complaint contains four causes of action. The four causes are drafted in very cursory terms; they depend for their vitality upon 10 introductory paragraphs. In those introductory paragraphs, plaintiff essentially alleges that the defendant sought financing for the production of a film. He further alleges that, through his efforts, the defendant was introduced to one Jacob Brackman. Plaintiff also avers that the defendant and Brackman made a "deal" and that Brackman provided the majority of the funding for the film. As a result of that funding the film was produced and the defendant received substantial net revenues therefrom.

Paragraphs 4 and 5 are crucial to the viability of the complaint; they read as follows:

"4. At this February 5, 1979 meeting, Bomser offered to introduce Moyle to such a producer in exchange for a finders' fee for any introduction made by Bomser which initiated a deal resulting in Moyle's obtaining a majority of the funds necessary for the successful completion of the Film. Moyle accepted the offer and promised to send to Bomser a document reflecting said agreement.

"5. Subsequent to the February 5, 1979 meeting Moyle delivered to Bomser the document annexed hereto as Exhibit 'A'."

On a motion to dismiss a complaint for legal insufficiency, we accept the facts alleged as true and determine simply whether the facts alleged fit within any cognizable legal theory (*Morone v Morone,* 50 NY2d 481, 485). When a claim is founded upon a contract, the relevant portions of the contract should be set forth in the complaint (*Shields v*

*School of Law of Hofstra Univ.,* 77 AD2d 867, 868; *Berdych v Bell Aerospace Corp.,* 19 AD2d 582).

Viewing paragraph 4 most favorably to the plaintiff, it alleges that the parties entered into an oral agreement. The parties may have intended to be bound by that oral agreement even though a written agreement was never executed (21 NY Jur 2d, Contracts, § 33, p 449). As was mentioned above, the "undated document", prepared by the defendant, did not rise to the level of a written agreement. The plaintiff, however, stated in his affidavit upon the original motion, that the parties' agreement was embodied in that "undated document".

At a trial of this action, the plaintiff may be able to introduce the "undated document" into evidence as some proof of the parties' oral agreement. A problem arises on this appeal from the fact that the "undated document" contains more provisions than those set forth in the introductory paragraphs of the amended complaint. The "undated document" states, *inter alia,* that plaintiff will (i) receive 5% of the film's net revenues, as defined therein, (ii) not receive any fees for his services, (iii) not be required to represent defendant beyond the initial introduction if he so chooses, and (iv) take half of his share under specified circumstances.

The amended complaint refers to the "undated document" but it does not indicate whether any or all of the provisions in that document are being absorbed into the parties' oral agreement. Because of this ambiguity and indefiniteness in the amended complaint, as to the full scope of the oral agreement, it shall be dismissed at the present time. Since we are satisfied that the plaintiff has good ground to support a cause based upon a breach of an oral agreement or upon a related theory, we grant him leave to replead within 20 days after service of the order to be entered herein (CPLR 3211, subd [e]).

In passing, we find it appropriate to comment briefly on the four causes set forth in the amended complaint.

The first cause asserts that the defendant has breached the parties' "agreement". The plaintiff, as noted above, may very well be able to prove a breach of an oral finder's

agreement. However, plaintiff should specifically state that he is relying upon an "oral agreement" and he should set forth all the relevant terms of that oral agreement. Moreover, as a matter of proper pleading he should indicate whether all or only some of the introductory paragraphs are applicable to that cause. This same comment may be made with regard to the other causes pleaded. Any question as to whether the film generated a net revenue is a factual one that is not the subject of this motion under CPLR 3211 (subd [a], pars 1, 7).

The second cause alleges that the defendant fraudulently induced the plaintiff to enter into the oral agreement. Again, the plaintiff may be able to plead a sufficient cause based upon fraud. Essentially, he would be alleging that he was defrauded by defendant's misrepresentations. (See 22 NY Jur 2d, Contracts, § 471, p 414; *Shapiro v Dictaphone Corp.,* 66 AD2d 882, 884).

The third cause in the amended complaint is grounded upon a claim of unjust enrichment. The facts, if properly pleaded, may indicate that the defendant has unconscionably enriched himself at the expense of the plaintiff (22 NY Jur 2d, Contracts, §§ 448, 449, pp 377-384).

The fourth cause seeks damages for work, labor and services rendered. If plaintiff's proof at trial does not sustain an oral agreement, it may sustain recovery on a theory of implied contract. Hence, our rules of alternative pleading permit the plaintiff to assert a cause for work, labor and services rendered (22 NY Jur, Contracts, § 508, p 469).

Until the plaintiff has properly pleaded the foundation facts underlying this action, it would be premature for us to consider the legal sufficiency of his causes. Therefore, the appeal from the order of the Supreme Court, New York County (KLEIN, J.), entered April 29, 1981, dismissing the original complaint without prejudice to plaintiff's right to serve an amended complaint, should be dismissed as moot, without costs. The order of the Supreme Court, New York County (KIRSCHENBAUM, J.), entered August 6, 1981, dismissing the amended complaint, should be modified, on the law and the facts, by granting plaintiff leave to replead

within 20 days after service of the order to be entered herein with notice of entry, and as modified, the order should be affirmed, without costs.

MURPHY, P. J., KUPFERMAN, MARKEWICH and LYNCH, JJ., concur.

Order, Supreme Court, New York County, entered on August 6, 1981, unanimously modified, on the law and the facts, by granting plaintiff leave to replead within 20 days after service of this court's order, with notice of entry, and as modified, the order is affirmed, without costs and without disbursements. The appeal from the order of said court, entered on April 29, 1981, is dismissed as moot, without costs and without disbursements.