■ In the Matter of the Arbitration between BURNISHED METAL CORPORATION, Respondent, and DIANA KAMEN, as President of Local Union No. 1968, International Brotherhood of Electrical Workers, AFL-CIO, Appellant. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered December 22, 1982 in Ulster County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties and denied respondent's cross motion to compel arbitration. Petitioner Burnished Metal Corporation (BMC) is engaged in the processing of metal products. Certain of its production and maintenance employees at its plant in Ellenville, New York, are represented for purposes of collective bargaining by the International Brotherhood of Electrical Workers, Local Union No. 1968. From January 1, 1979 to date, BMC and the union entered into a series of one-year collective bargaining agreements, each of which contained a provision requiring BMC to make contributions to the union's pension and welfare funds and a clause outlining grievance and arbitration procedures. In July of 1982, Leonard R. Stevens performed an audit on BMC for the period of July 1, 1979 through December 31, 1981 and, by subsequent letter of August 31, 1982, he informed the trustees of the pension and welfare funds and also BMC that the audit revealed a delinquency in those funds in the amount of $2,020.95. Although neither the union nor the trustees ever demanded payment of this sum from BMC, on September 30, 1982 the union did send BMC a notice of demand for arbitration together with a letter giving notice that arbitration had been requested with regard to the alleged delinquency. On October 5, 1982, BMC responded by making the instant application to stay arbitration. After the union cross-moved to compel arbitration, Special Term granted BMC's motion for the stay upon the ground that there were conditions precedent to arbitration, embodied in the grievance and arbitration clause of the collective bargaining agreement, which had not been fulfilled. The instant appeal followed, and we hold that the challenged order should be affirmed. In pertinent part, the agreement's grievance and arbitration clause provides that: "All grievances arising between the Employer and any employee shall be settled in the first instances between the Employer and the Shop Steward. Should they fail to reach an agreement, the Shop Steward shall immediately call the Union Representative. In the event that an agreement cannot be reached between the Union Representative and the Employer, then the dispute shall be submitted to arbitration." An examination of this quoted language reveals that it establishes two preliminary steps as prerequisites to entry into the arbitration process for the settlement of a grievance, to wit: consultation between BMC and the shop steward and, should this prove unavailing, consultation between BMC and the union representative. Moreover, the clause expressly applies to "all grievances" and uses the mandatory word "shall", rather than "may", when referring to the consultations, thus evincing the clear intention of the parties to attempt initially to resolve any disputes themselves without resort to a third party. Such being the case, Special Term was certainly warranted in concluding that consultations by the shop steward and the union representative with BMC constituted conditions precedent to the resort to arbitration, and that they were not merely procedural stipulations to be observed in the conduct of an arbitration proceeding, such as a time limitation within which a demand for arbitration must be made (see *Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1). Here, it is uncontested that neither the shop steward nor the union representative consulted with BMC relative to the grievance, and the union never demanded payment of the $2,020.95 from BMC or made any effort whatsoever to resolve the dispute prior to demanding arbitration. Additionally, nothing in the bargaining agreement states that compliance with the established grievance

procedures is necessary only when the dispute involves an individual employee, as argued by the union, nor is there evidence in the record demonstrating that the grievance could not have been resolved without resort to arbitration. Under these circumstances, the arbitration was properly stayed because the conditions precedent thereto, as expressly provided in the bargaining agreement, had not been satisfied (cf. *Matter of Opan Realty Corp. v Pedrone,* 36 NY2d 943; see, also, *Matter of County of Rockland [Primiano Constr. Co.],* *supra*). Order affirmed, with costs. Mahoney, P. J., Kane, Main, Casey and Mikoll, JJ., concur.