■ In the Matter of the Arbitration between COUNTY OF BROOME, Appellant, and GARY E. RAUEN, as President of Amalgamated Transit Union, Division No. 1145, Respondent. —Per Curiam. Appeal from an order of the Supreme Court (Smyk, J.), entered May 27, 1986 in Broome County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In February 1985, Henry Shorts, petitioner's employee and a member of respondent's union, was suspended from his job due to various incidences of absence. He received another suspension in March 1985. Respondent's grievance with regard to the March suspension was denied in April 1985 and respondent did not request arbitration of the matter. Apparently, however, respondent did demand arbitration of the February suspension, and in September 1985 an arbitrator found that Shorts was wrongfully suspended in February. Respondent then filed a new grievance with regard to the March suspension, contending that the favorable arbitration award "sheds new light" on that suspension. When the grievance was denied, respondent demanded arbitration. Petitioner then made this application to stay the arbitration, asserting that respondent's claim would be barred by the Statute of Limitations if brought in a court of law (see, CPLR 7502 [b]). Supreme Court disagreed and denied the application.

Two questions are presented for our consideration: first, whether the arbitration claim would be barred by the Statute of Limitations if brought in a court of law, and second, assuming that the claim would not be so barred, whether the court or the arbitrator should determine whether the arbitration demand was timely made pursuant to the terms of the labor agreement between petitioner and respondent. With respect to the first question, we agree with Supreme Court that petitioner is not entitled to a stay based on the Statute of Limitations. Contrary to petitioner's assertion, respondent's claim would not necessarily be characterized as a CPLR article 78 proceeding if brought in a court of law. A union is entitled to bring an action on behalf of its members to construe the members' rights under a collective bargaining agreement (Aloi v Board of Educ., 81 AD2d 874), and such an action is not subject to the four-month Statute of Limitations (Nassau Ch. of Civ. Serv. Employees Assn. v County of Nassau, 84 AD2d 784). Moreover, the fact that Shorts himself could have brought an article 78 proceeding subject to the four-month Statute of Limitations does not demonstrate that this claim is barred. So long as the claim sought to be arbitrated is substantially related to the subject matter of the substantive agreement of the parties, the six-year contract Statute of Limitations may be applied and the fact that a different remedy would be barred as untimely in a court of law will not serve to bar arbitration (see, Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d 669, 676). Since respondent's claim is that Shorts was improperly disciplined under

the terms of the labor agreement between petitioner and respondent, it can properly be considered a contract claim subject to a six-year Statute of Limitations.

We also find that in this case it is for the arbitrator, and not the court, to determine whether the demand for arbitration is timely under the terms of the labor agreement. Petitioner contends that the court can properly decide this question because the time limits contained in the labor agreement constitute a condition precedent to arbitration, and if a condition precedent is not fulfilled, the court is empowered to grant a stay of arbitration *(cf., Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 6). However, the Court of Appeals has distinguished between conditions precedent to arbitration, which are appropriate for the court's consideration, and "procedural stipulations that the parties may have laid down to be observed in the conduct of the arbitration proceeding itself" *(supra,* at 8), which should be considered by the arbitrator. Further, the Court of Appeals has specifically noted as an example of a procedural stipulation a time limit within which a demand for arbitration must be made *(supra; see, Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308; *Matter of Burnished Metal Corp. [Kamen],* 96 AD2d 704). Thus, unless the parties' contract contains specific language making the time limitation therein a condition precedent, it will be considered a procedural stipulation *(see, Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358, 362). Since the labor agreement in issue here does not contain such specific language, it is properly considered to be a procedural stipulation and the arbitrator, not the court, is the proper party to determine whether the demand for arbitration is timely.

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.