■ ARKPORT STAFF UNITED et al., Respondents, v ARKPORT CENTRAL SCHOOL DISTRICT et al., Appellants. [915 NYS2d 431]—

Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered March 25, 2010. The order denied the motion of defendants to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied defendants' motion to dismiss the complaint in this action seeking, inter alia, a declaration that the members of plaintiff Arkport Staff United (hereafter, Union) are entitled to longevity increases under article 27 of the collective bargaining agreement (CBA) between the Union and defendant Arkport Central School District. Contrary to defendants' contention, the instant action is subject to the six-year statute of limitations applicable to breach of contract actions (*see* CPLR 213 [2]), rather than the four-month statute of limitations applicable to CPLR article 78 proceedings (*see* CPLR 217 [1]; *Nassau Ch. Civ. Serv. Empls. Assn., Local 830, AFSCME, Local 1000, AFL-CIO v County of Nassau*, 154 Misc 2d 545, 548 [1992], *affd* 203 AD2d 267 [1994]; *Aloi v Board of Educ. of W. Babylon Union Free School Dist.*, 81 AD2d 874, 875 [1981]). The statute of limitations "applicable to a declaratory judgment action depends upon the nature of the substance of the underlying claim . . . Since the plaintiffs' underlying claim is an action on the contract," i.e., the CBA, CPLR 213 (2) applies (*Aloi*, 81 AD2d at 875-876). The instant action was commenced within six years of the alleged breach of the CBA and thus is timely. The court also properly determined that dismissal of the complaint was not warranted based upon plaintiffs' alleged failure to "fully utilize" the grievance proce-

dure within the meaning of section 11.3 (b) of the CBA. Present—Centra, J.P., Lindley, Sconiers, Green and Gorski, JJ.