600-602 10th Ave. Realty Corp. v Estate of Nusimow (2021 NY Slip Op 02056)





600-602 10th Ave. Realty Corp. v Estate of Nusimow


2021 NY Slip Op 02056


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Manzanet-Daniels, J.P., Kern, González, Shulman, JJ. 


Index No. 650120/17 Appeal No. 13488 Case No. 2020-01142 

[*1]600-602 10th Avenue Realty Corporation, Plaintiff-Respondent,
v
Estate of Hy Nusimow, Defendant.
Avi Nusimow etc., et al., Defendants-Appellants,
v
Esther Pinchevsky, Counterclaim Defendant-Respondent.


Cohen & Marderosian, New York (Mark D. Marderosian of counsel), for appellants.
Woods Lonergan PLLC, New York (Annie E. Causey of counsel), for respondents.



Appeal from order, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 12, 2019, which, inter alia, denied summary judgment to defendants Avi Nusimow, both individually and in his capacity as representative of the Estate of Hy Nusimow, and Larissa Okun Nusimow, appearing through Avi Nusimow as her attorney-in-fact (the Nusimow defendants), on their first and second counterclaims, unanimously dismissed, without costs.
The motion court dismissed the Nusimow defendants' first and second counterclaims and denied their motion for summary judgment on those counterclaims as moot. On appeal, the Nusimow defendants do not argue that the court erred in denying their motion as moot. Rather, they argue that they should have been granted summary judgment dismissing plaintiff's claims. However, they did not request that relief in their notice of motion. We note, moreover, that, contrary to the Nusimow defendants' contention, the applicability of the ancient document rule to a 1984 notice of termination, which they rely on, was neither determined in the court's December 2017 order nor revisited in the order on appeal. Accordingly, there is no basis for this appeal.
The Nusimow defendants advance arguments for the first time in reply concerning their breach of fiduciary duty counterclaims. However, as they have filed a second amended answer with counterclaims, so much of their appeal as addresses the counterclaims in the first amended answer must be dismissed as moot (Bomser v Moyle , 89 AD2d 202 [1st Dept 1982]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021